35366. In the interest of C. M. M.

Marshall, Justice.

A petition was filed in the Juvenile Court of Richmond County alleging that the appellant, a 14-year-old minor, is delinquent in that he is charged with kidnapping and motor vehicle theft. See Code Ann. §§ 24A-301 (a)(1)(A); 24A-301 (b); 24A-401 (e)(1); 24A-1603. The Richmond County District Attorney filed a motion to transfer the charges against the appellant to the superior court under Code Ann. § 24A-2501 (a)(4). The juvenile court denied the motion to transfer certain charges and granted the motion to transfer others. This is the appeal of the transfer order.

1. Jurisdiction of this case is vested in this court by reason of the appellant's attack on the constitutionality of Code Ann. § 24A-2501 (a)(4) (Ga. L. 1973, pp. 882, 887), which provides, "After a petition has been filed alleging delinquency based on conduct which is designated a crime or public offense under the laws, including local ordinances, the court before hearing the petition on its merits may transfer the offense for prosecution to the appropriate court having jurisdiction of the offense if: . . . the child was at least 15 years of age at the time of the alleged delinquent conduct or the child was 13 or 14 years of age and committed an act for which the punishment is loss of life or confinement for life in the penitentiary." The appellant argues that this statute deprives 14-year-olds of their rights under the Juvenile Court Code and is, therefore, unconstitutional under the equal protection and due process clauses. We disagree.

The enactment of the Juvenile Court Code of Georgia (Code Title 24A; Ga. L. 1971, p. 709 et seq.) was "virtually demanded" by the decision of the United States Supreme Court in In Re Gault, 387 U. S. 1 (87 SC 1428, 18 LE2d 527) (1967). See Code Title 24A, Foreword. In In Re Gault, it was held that juvenile court delinquency hearings must measure up to the "essentials of due process and fair treatment." One of the precursors of In Re Gault was Kent v. United States, 383 U. S. 541 (86 SC 1045, 16 LE2d 84) (1966), in which the Supreme Court recognized that juvenile courts "should have considerable latitude within

which to determine whether it should retain jurisdiction over a child or — subject to statutory delimitation — should waive jurisdiction." 383 U. S., at pp. 552-553. The comment to Code Ann. § 24A-2501 states that, "This section seeks to provide for a transfer procedure which satisfies 'the essentials of due process and fair treatment' as required by the United States Supreme Court decision Kent v. United States. . ." We find Section 24A-2501 to be a constitutional implementation of Kent.

2. The transfer hearing in this case was conducted before a referee, pursuant to the provisions of Code Ann. § 24A-701 (b). Although the transfer hearing was recorded, as required by Code Ann. § 24A-1801 (b), the magnetic tape on which the hearing was recorded apparently has been lost and no transcript of the hearing has been prepared.

However, the appellant avers that in conducting the transfer hearing, the referee failed to comply with Code Ann. § 24A-701 (b), which provides, in pertinent part: "Before commencing the hearing, the referee shall inform the parties who have appeared that they are entitled to have the matter heard by the judge. If a party so requests, the hearing shall be conducted only by the judge." The appellee does not contest the fact that the appellant was not informed of this.[1] We, therefore, conclude that he was not so informed.

In addition, the appellant argues that there was a failure to comply with subsections (c) and (d) of Code Ann. § 24A-701. Subsection (c) provides, "Upon the conclusion of a hearing before a referee, he shall transmit his findings and recommendations for disposition in writing to the judge. Prompt written notice of the findings and recommendations together with copies thereof shall be given to the parties to the proceedings. The written notice shall also inform them of the right to a rehearing before the judge." Subsection (d) provides, "A rehearing may be

---

[1] Rather, the appellee argues that the appellant has not alleged such lack of notice in the statement of facts in his brief and has not executed an affidavit that no such notice was given.

ordered by the judge at any time and shall be ordered if a party files written request therefor within five days after receiving the notice required in subsection (c)."

The appellant argues that the referee failed to transmit his findings and recommendations for disposition in writing to the judge. We disagree. The transfer order itself, which was entered by the referee and approved by the judge, contains the referee's findings and recommendations.

The appellant also argues that there was no written notice informing him of his right to a rehearing before the judge. The appellee does not contest this.[2] Nowhere in the record does such written notice appear. We, therefore, conclude that the appellant did not receive such notice.

The comment to Code Ann. § 24A-701 states that subsections (b), (c) and (d) involve "important procedural details which are applicable when a referee is holding a hearing." The only way for an appellate court to ensure that important safeguards such as these are observed is to reverse a case in which they are not observed and remand the case for further proceedings in which they will be observed. Therefore, the transfer order is reversed and the case remanded for further proceedings in compliance with the foregoing provisions of the Juvenile Court Code.

*Judgment reversed and remanded. All the Justices concur.*

Submitted September 7, 1979 — Decided November 28, 1979.

*John H. Ruffin, Jr.,* for appellant.
*Richard E. Allen, District Attorney, William H. Lumpkin, Assistant District Attorney,* for appellee.

---

[2] Rather, the appellee argues that to require the judge to conduct a rehearing after he has signed the transfer order would unnecessarily render jurisdiction between the juvenile courts and superior courts indeterminate. This is, of course, an argument which should be addressed to the legislature.