478

DECIDED JANUARY 8, 1986.

*Lee R. Grogan, Jr., Lynn L. Grogan,* for appellant.
*Carlton Henson, Kenneth M. Henson, Jr.,* for appellees.

### 71326. IN RE B. M. H.
(339 SE2d 757)

McMURRAY, Presiding Judge.

On May 13, 1983, the appellant, a child under 17 years of age, was in the eighth grade at Ashworth Middle School in Gordon County, Georgia, when she and four of her classmates were caught smoking marijuana in the girl's rest room. On June 26, 1985, the appellant and the other four girls were brought before the Gordon County Juvenile Court for a delinquency hearing. All of the juveniles were accompanied by a parent at the hearing. At the outset, the court stated the following: "[Y]ou young ladies have had petitions filed against you alleging that you are a delinquent child for having violated the Georgia Controlled [Substances] Act. It's my duty to inform you that you've got the right to have a lawyer represent you in these proceedings if you so desire one. If you cannot afford one, the Court will appoint a lawyer for you without cost to you if you wish to have a lawyer. Now, I need to ask each one of you do you want a lawyer." Whereupon, the trial judge asked each of the juveniles if she desired a lawyer. All of the girls, including the appellant, answered that she did not. The court then advised the juveniles as follows: "[Y]ou've got the right to remain silent. You don't have to testify against yourself. You don't have to say a word if you so desire." The trial judge then pro-

ceeded to read to the juveniles the allegations contained in the petition. He then asked each juvenile if she admitted or denied the allegations. The appellant and three of the other juveniles admitted the allegations. However, the fourth of the juveniles denied the allegations and the trial court heard evidence concerning the circumstances of the incident. At the close of the evidence, the court found all of the juveniles were delinquent (for possession of marijuana) "and in need of treatment, rehabilitation or supervision." The court then proceeded with the dispositional phase of the hearing and asked each juvenile if she or her parents wished to address the court. None of the juveniles, nor their parents, had anything to say or offer to the court.

The court committed all of the juveniles to the Division of Youth Services, Georgia Department of Human Resources. At this point, "the parents spoke out that they would have gotten a lawyer had they known it was this serious." In response, the trial court stated: "You were informed on the petition and the summons that you had a right to an attorney. It's on the record here that I one by one asked you, and that's as far as the law requires me to go." From this ruling, the appellant appeals. *Held*:

"In *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981), the court held that where a defendant proceeds to trial and represents himself the record should reflect that the trial court made the defendant aware of the danger of proceeding without counsel." *Glaze v. State*, 172 Ga. App. 802, 803 (325 SE2d 172). This is particularly true in juvenile cases as "the state has a heavy burden in showing that the juvenile did understand and waive his rights." *Riley v. State*, 237 Ga. 124, 128 (226 SE2d 922). See *Crawford v. State*, 240 Ga. 321, 323 (240 SE2d 824).

In the case sub judice, the court did not warn the appellant or her parent of the dangers of proceeding without counsel. Moreover, the court should have made the juvenile and her parent aware of the possible dispositions of the case as such dispositions are set forth in OCGA § 15-11-35, should the juvenile be found to have committed a delinquent act. Consequently, we must reverse. See *Glaze v. State*, 172 Ga. App. 802, supra, and 25 ALR 4th, 1072 for discussion of a minor's waiver of right to counsel.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 8, 1986.

*William P. Bailey*, for appellant.

*Darrell E. Wilson, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.