72355. IN THE INTEREST OF W. M. F.
(349 SE2d 265)

McMURRAY, Presiding Judge.

On October 15, 1985, the appellant, a female child under 17 years of age, appeared at a hearing in the Juvenile Court of Cobb County, Georgia, pursuant to a petition alleging the appellant to be an unruly child (runaway). The petition was filed on the day of the hearing and the hearing was conducted by a juvenile court referee in the presence of the appellant's mother, a guardian ad litem and a representative of the Cobb County Probation Department. The appellant was not represented by counsel at the hearing. The hearing proceeded in pertinent part as follows: "THE COURT [REFEREE]: Now, . . . this is a hearing to tell you [the appellant] what you're charged with and ask you to admit it or deny it and then determine whether you will be held in custody pending sentencing or trial or whether you will be released. You have a guardian ad litem because of the nature of the charge, and you also are entitled to have an attorney, and one can be appointed for free. Do you want a lawyer for this hearing? [APPELLANT]: No. THE COURT [REFEREE]: And remember you have the right to remain silent. You don't have to say anything. If you do, it is tape recorded and could be used against you later. And you have the right to have twenty-four hours notice, which you have not been given. Do you want to proceed with the hearing without the twenty-four hours? [APPELLANT]: Yes, I do. THE COURT [REFEREE]: The charge accuses you of being unruly and states said child did violate The Official Code of Georgia Annotated 15-11-2, runaway, in that she did absent herself from her legal place of residence in Cobb County on the 10th of October, 1985, without just cause or parental permission. Do you understand the charge? [APPELLANT]: Yes, I do. THE COURT [REFEREE]: Do you admit it or deny it? [APPELLANT]: Admit it. THE COURT [REFEREE]: When you admit a charge, remember you lose the right to a trial. The District Attorney doesn't have to prove it. You have a right to have an attorney and witnesses. And you also lose the right to remain silent. Has anyone threatened you or promised you anything to force you to admit? [APPELLANT]: No. THE COURT [REFEREE]: Tell me what you want to tell me." Whereupon the appellant described the events which are

the bases for the offense alleged in the petition. The referee then heard testimony from the officer from the probation department concerning past and pending problems concerning the appellant. After receiving a recommendation from the probation officer, the referee concluded the hearing and entered an order recommending the appellant be committed to the Georgia Department of Human Resources. This recommendation was adopted by the judge of the Juvenile Court of Cobb County in an order entered October 25, 1985, and appellant now appeals. *Held*:

1. In her first two enumerations of error the appellant challenges the constitutionality of two sections of the Juvenile Court Code of Georgia, OCGA §§ 15-11-64 and 15-11-17 (a) (4), (a) (5). "The Supreme Court shall be a court of review and shall exercise exclusive appellate jurisdiction in . . . all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question. . . ." Georgia Const., Art. VI, Sec. VI, Par. II (I). In the case sub judice, this appeal was originally filed in the Georgia Supreme Court and subsequently transferred by that court to this court for review. Since we have no jurisdiction to address matters challenging the constitutional aspects of the above-cited Code sections and since it appears that the Georgia Supreme Court found no basis for such review, we decline to address the issues raised in the appellant's first two enumerations of error.

2. The appellant contends that she was not served with process and notified of the charge alleged in the petition as required by OCGA §§ 15-11-26 (b) and 15-11-27 (a). The appellee does not dispute this allegation and we do not find in the record where there was service of process and notice of the pending charge as is required by the above subsections of the Juvenile Court Code. However, the appellee argues that notice and service of process were waived since both the appellant and her mother were present at the hearing and since the appellant minor child's mother was silent when the appellant was asked if she would waive the notice requirement of OCGA § 15-11-27 (a). We do not accept this argument. Neither the appellant nor her mother were represented by counsel at the dispositional hearing. Neither party knew the nature of the charge filed against the minor; and, neither party knew of the serious consequences which may result in the case of an adverse adjudication of the petition filed against the appellant. Consequently, it is highly unlikely that the parties understood the significance of waiving their right to prior notice of the pending charge. There can be no waiver of a right unless there is an intelligent understanding of the nature of the right waived. See *In re B. M. H.*, 177 Ga. App. 478 (339 SE2d 757). In the case sub judice, since there was no service of process and notice as required by the above subsections of the Juvenile Court Code and since there was

no valid waiver of notice of the pending charge by service of process or otherwise, the entire hearing is a nullity. See *McBurrough v. Dept. of Human Resources*, 150 Ga. App. 130, 131 (2) (3) (257 SE2d 35).

3. Next, appellant contends that she did not make a knowing and intelligent decision to proceed without counsel. We agree. Since the referee did not warn the appellant or her mother of the danger of proceeding without counsel or of the consequences of an affirmative finding or admission of the charge enumerated in the petition, we find that appellant and her mother did not stand before the court with open eyes, knowing the danger and consequences of proceeding without the benefit of legal representation. *In re B. M. H.*, 177 Ga. App. 478, supra. This is reversible error.

4. The appellant contends that the juvenile court referee failed to comply with OCGA §§ 15-11-10 (b) and 15-11-10 (c). The appellee does not dispute this allegation and the record supports the appellant's contention. These subsections "involve 'important procedural details which are applicable when a referee is holding a hearing.' The only way for an appellate court to ensure that important safeguards such as these are observed is to reverse a case in which they are not observed and remand the case for further proceedings in which they will be observed." *In the Interest of C. M. M.*, 244 Ga. 787, 789 (2) (262 SE2d 103). Consequently, the order of commitment in the case sub judice must be reversed and the case remanded for further proceedings in compliance with the foregoing provisions of the Juvenile Court Code.

5. Other procedural errors raised by appellant in this appeal are unlikely to recur upon further proceedings in the juvenile court.

*Judgment reversed and case remanded. Carley, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

While I agree with the majority that the judgment of the juvenile court committing appellant to the custody of the Department of Human Resources should be reversed, I base my decision upon narrower grounds. My examination of the record reveals appellant to have had considerable experience in the juvenile justice system. At the time of the October 15, 1985 hearing at issue, appellant was almost sixteen years old. Between April 15, 1983 and the hearing, appellant's record contains no less than five incidents of delinquency or unruliness, such as running away, possession of alcohol by a minor, criminal damage to property in the second degree and violations of probation by violating curfew and school rules, apparently by truancy. Based upon these prior encounters with the juvenile court authorities, I feel safe in concluding that appellant and her mother have acquired more than a casual or passing acquaintance with the procedures of

the juvenile justice system. Therefore, I would find appellant's express waivers of counsel, service of process and notice of the charge to have been knowingly and voluntarily made. On prior occasions, appellant's misdeeds resulted in orders which stopped short of commitment. In all likelihood, appellant as well as her mother expected the same result from the October 15, 1985 hearing. This would explain the express waivers of counsel and strict adherence to the other statutory procedures. In my opinion, appellant should not now be heard to complain on these points simply because a stiffer disposition than she expected was imposed.

I do, however, agree that the referee's failure to explain the dispositional possibilities to appellant requires reversal of the commitment order. Thus, I concur in the opinion of the majority insofar as reversal is based upon this ground.

DECIDED SEPTEMBER 23, 1986.

*Robert A. Kunz,* for appellant.
*Thomas J. Charron, District Attorney,* for appellee.