A95A2884. IN THE INTEREST OF S. H., a child.
(469 SE2d 810)

RUFFIN, Judge.

A petition alleging delinquency was filed in juvenile court accusing S. H., age 12, with aggravated sodomy.[1] A hearing was held pursuant to OCGA § 15-11-33 (a), and the juvenile court found that S. H. had committed the act. Because the offense would have been a crime if committed by an adult, the court adjudicated S. H. delinquent. The court also found that S. H. was incompetent. S. H. appeals the juvenile court's decision to hold the adjudicatory hearing despite his in-

---

[1] In its sole count, the petition appears to allege that S. H. committed a single act of aggravated sodomy "by use of force and against the will of . . . [the victim], by putting his penis in the anus and mouth of the victim."

competence.

The record shows that S. H.'s mental age at the time of the offense was that of a six-year-old child, with an I.Q. of 40. His court-appointed guardian ad litem testified that S. H. did not know the difference between right or wrong, and a court-ordered evaluation of S. H. noted that he was "not a good historian for detail."

S. H.'s court-appointed counsel moved to have S. H. declared incompetent to stand trial. Although the court determined that S. H. was in fact incompetent, it nevertheless denied the motion. The court reasoned that because "Georgia law does not provide a statutory framework in order to protect juveniles [sic] rights not to be tried in a delinquency proceeding while they are incompetent," as a juvenile, S. H. was not entitled to be competent during the adjudicative proceedings.

The evidence presented at the adjudicatory proceeding was conflicting. The victim's five-year-old sister witnessed the alleged incident and testified that S. H. removed his own clothing, pulled down her brother's pants, made her brother lie on his back, and got on top for just a minute until her big brother arrived. She testified that the victim said nothing, but made a giggling noise. The victim reportedly told his mother that S. H. got on top of him and placed his penis in the victim's mouth and then attempted to anally sodomize him. The mother admitted that a physician informed her that the victim had not been penetrated. The victim's babysitter, the first person the victim talked to after the incident, gave a statement to police indicating that the victim told her only about the act involving anal sodomy. Neither the victim nor S. H. testified. S. H. presented no defense.

The court subsequently adjudicated S. H. guilty of the act alleged beyond a reasonable doubt. At the hearing, the court stated that there was no evidence that S. H. actually committed anal sodomy. It also found that the delinquent behavior occurred due to a lack of adult supervision. The court observed that S. H. "is not a mean or violent child but is recreating events that have occurred to him and he does not realize the wrong of his actions." The court ordered S. H. jointly committed to the Department of Children & Youth Services ("DCYS"), and the Department of Human Resources permitted him to be released into his mother's custody pending placement and recommended that he not be placed in a detention environment. However, the court stated that "at every turn" the DCYS "recklessly disregarded" its direction by detaining S. H., ceasing his mental health counseling, and failing to consult with S. H.'s guardian ad litem regarding his treatment plan.

S. H. argues that the juvenile court violated his due process rights by adjudicating him delinquent and depriving him of his liberty when he was not competent to understand the nature of the pro-

ceedings or assist in his own defense. We agree.

The stated purpose of the Juvenile Court Code is to assist, protect, and restore children whose well-being is threatened as secure law-abiding members of society, and the Code must be liberally construed to that end. OCGA § 15-11-1 (1); *P. R. v. State*, 133 Ga. App. 346, 347 (1) (210 SE2d 839) (1974). To promote this commendable purpose, the General Assembly created a comprehensive civil forum for treating and protecting juveniles, "replete with distinctions between criminal matters and matters concerning juveniles alleged delinquent." *In the Interest of M. B.*, 217 Ga. App. 660, 661 (458 SE2d 864) (1995); OCGA § 15-11-38. These differences, which emphasize treatment and rehabilitation, spare the child some of the collateral consequences of a criminal conviction. Id.; OCGA § 15-11-38 (a), (c); see also OCGA §§ 15-11-33 (c); 15-11-36.1; S. Krantz, C. Smith, D. Rossman, P. Froyd, J. Hoffman, Right to Counsel in Criminal Cases 53 (1976). As is evident in this case, however, the consequences do not always differ. Both juvenile and criminal proceedings may result in a significant loss of liberty. See, e.g., OCGA § 15-11-37 (e) (restrictive custody) and (g) (DCYS retains power to confine child beyond periods specified by court).

It follows that constitutional considerations must necessarily transcend even the most admirable legislative purposes. See *In the Interest of S. L. H.*, 205 Ga. App. 278, 280 (422 SE2d 43) (1992). " '[T]he juvenile charged with "delinquency" is entitled *by right* to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial.' " (Emphasis in original.) Id. at 279-280. Without question, these include the right to adequate notice of the charges, appointment of counsel, the constitutional privilege against self-incrimination, and the right to confront opposing witnesses. *In re Gault*, 387 U. S. 1, 13 (87 SC 1428, 18 LE2d 527) (1967).

We believe the cornerstone of these substantive rights is competence to understand the nature of the charges and assist in a defense. A want of competence renders the other rights meaningless. *Dandoy v. Superior Court*, 619 P2d 12, 15 (Ariz. 1980). "[N]either the Fourteenth Amendment nor the Bill of Rights is for adults alone." *In re Gault*, 387 U. S. at 13. "It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial." *Drope v. Missouri*, 420 U. S. 162, 171 (95 SC 896, 43 LE2d 103) (1975). Principles of fundamental fairness require that this right be afforded in juvenile proceedings. Accord *In re Welfare of S. W. T.*, 277 NW2d 507, 512 (Minn. 1979); *Dandoy*, 619 P2d at 15.

The conflicting evidence presented in this case and the minimal

proof supporting the aggravating factors underscore the gravity of the competence requirement. The court itself made a finding at the close of the evidence that S. H.'s counsel had "no defense due to the lack of his client's ability to assist him." Thus, all the other procedural rights afforded S. H. in this proceeding could not guarantee him the "essence of a fair trial" when his incompetence prevented him from mounting any defense. *In the Interest of J. H. M.*, 202 Ga. App. 79, 80 (413 SE2d 515) (1991). Notwithstanding the State's assertion to the contrary, there is a vast qualitative difference between being a minor and being incompetent to stand trial when it comes to the abilities to understand the nature and object of the proceedings, comprehend one's own position in relation to the proceedings, and assist in one's own defense. *Holloway v. State*, 257 Ga. 620, 621 (361 SE2d 794) (1987). We caution, however, that our holding does not create a bright-line rule that a juvenile's mental age is determinative of his incompetence. We focus solely on the foregoing abilities and question whether the goals of the Juvenile Court Code can be achieved when children lacking them are subjected to the consequences of an adjudicatory proceeding. Accordingly, we reverse and remand for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Beasley, C. J., and Pope, P. J., concur.*

DECIDED MARCH 11, 1996.

*Steven E. Phillips*, for appellant.

*Lewis R. Slaton, District Attorney*, for appellee.