A97A1527. IN THE INTEREST OF T. D. W., a child.
(493 SE2d 736)

POPE, Presiding Judge.

T. D. W., a minor, was adjudicated delinquent on the offenses of leaving the scene of an accident, reckless driving, and aggravated assault, and appeals.

1. T. D. W. argues that the trial court denied his constitutional and statutory rights to counsel and that he was prejudiced. Concluding that T. D. W. did not knowingly waive his right to counsel, we reverse.

The record reflects that on March 12, 1996, a complaint charging T. D. W. with the misdemeanor offenses of reckless conduct[1] and leaving the scene of an accident arising from a March 11, 1996 incident was filed in juvenile court. On April 4, 1996, an intake conference was conducted at which a court service worker read T. D. W. his rights, and both T. D. W. and his mother signed an acknowledgement of rights form. The form, which correctly indicated that T. D. W. had been charged with reckless driving and leaving the scene of an accident, stated that T. D. W. had been informed of the importance of being represented by an attorney and had been informed of the possible dispositions which the court could order in the case. The form indicated that T. D. W. denied the charges and requested an attorney. Accordingly, T. D. W.'s application for a court-appointed attorney was completed, but his application was disapproved on April 10, 1996. Notations on the application, which is signed by a "judge or authorized representative," indicated that T. D. W.'s application was rejected because his family was not indigent.

The delinquency petition was filed in juvenile court on April 25, 1996. On April 29 and May 13, 1996, T. D. W. and his father appeared without counsel for the scheduled arraignments. Both times the arraignments were continued on motion by the State with no objection from T. D. W. or his father. An amended petition, adding the charge of aggravated assault, a designated felony under OCGA § 15-11-37, was filed on July 15, 1996. On that date, T. D. W. and his father appeared without counsel for the arraignment. The court read T. D. W. all of the charges, including the aggravated assault charge as a designated felony under OCGA § 15-11-37, and T. D. W. denied all charges. The court indicated that T. D. W.'s rights had been read to him on April 4, 1996, that he had denied the charges, that he wanted an attorney, and that his application for a court-appointed attorney had been rejected. The court gave T. D. W.'s father a sheet of instructions to use if he decided not to hire an attorney and instructed T. D. W.'s father that if he decided to hire an attorney, "it would be nice to have him within 30 days." T. D. W. and his father were also given a "Notice Regarding Counsel," which was signed by T. D. W.'s father and witnessed by the judge, which stated: "if you plan to retain an attorney, you should do so immediately and notify this Court as to the attorney's name and address within thirty days." The form then stated: "[i]f your child wishes to be represented by an attorney but you do not feel that you can afford one, you need to return to the reception area of the Juvenile Court immediately following this hearing and a juvenile court officer will meet with you

---

[1] This charge was later corrected to be reckless driving.

and give you a form to determine if you are indigent." The form concluded by stating that questions regarding attorneys should be directed to the court's intake officers.

On August 27, 1996, T. D. W. and his father appeared without counsel for the adjudicatory hearing. The court made no inquiry regarding counsel or T. D. W.'s diligence in procuring representation and proceeded with the hearing. T. D. W.'s father handled the defense; the court adjudicated T. D. W. delinquent. On October 21, 1996, the court held a dispositional hearing, at which T. D. W. was represented by counsel. On this date, the court ordered T. D. W. to serve a minimum of 120 days in boot camp. On October 23, 1996, T. D. W. filed an application for appointment of counsel, and on October 25, the court entered an order appointing counsel for T. D. W.

The question of a voluntary and knowing waiver of a juvenile's right to counsel depends on the totality of the circumstances, and the State has a heavy burden in showing that the juvenile understood and waived his right to counsel. *Crawford v. State*, 240 Ga. 321, 323-324 (240 SE2d 824) (1977); see generally OCGA § 15-11-30 (b). "In *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981), the court held that where a defendant proceeds to trial and represents himself the record should reflect that the trial court made the defendant aware of the danger of proceeding without counsel. This is particularly true in juvenile cases as the state has a heavy burden in showing that the juvenile did understand and waive his rights." (Citations and punctuation omitted.) *In re B. M. H.*, 177 Ga. App. 478, 479 (339 SE2d 757) (1986); but see *Burnett v. State*, 182 Ga. App. 539 (356 SE2d 231) (1987).

In this case, T. D. W. was non-indigent, and accordingly, we will apply the standards for waiving *retained* counsel. Though this Court has not explicitly addressed the issue of waiving retained counsel in a *juvenile* case,[2] we conclude that the same standard as that used with retained counsel for adult offenders is appropriate. "For a non-indigent defendant, such as appellant, the constitutional right to counsel only entitles him to be defended by counsel of his own selection whenever he is able and willing to employ an attorney and uses *reasonable diligence* to obtain his services. Since a non-indigent defendant's right to counsel is predicated upon his own diligence, a failure on his part to retain counsel may constitute a waiver of the right to counsel. Thus, when presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain

---

[2] The Court implicitly addressed the issue in *In the Interest of T. S.*, 211 Ga. App. 46 (1) (438 SE2d 159) (1993).

whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control." (Citation and punctuation omitted; emphasis in original.) *Houston v. State*, 205 Ga. App. 703, 704 (423 SE2d 431) (1992); see also *Smith v. State*, 194 Ga. App. 810 (392 SE2d 288) (1990); *Callaway v. State*, 197 Ga. App. 606 (398 SE2d 856) (1990).

In the instant case, there is no indication that on the date of the adjudicatory hearing the court addressed the issue of T. D. W.'s representation. The record contains no evidence that the trial court attempted to ascertain whether T. D. W. or either of his parents acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney was attributable to reasons beyond T. D. W.'s control. *Houston v. State*, 205 Ga. App. at 704. The record should have reflected that the court inquired into T. D. W. and his father's diligence in securing representation. Accordingly, we must vacate the adjudication of delinquency and the dispositional sentence and remand the case to the trial court for a hearing to determine the reason T. D. W. and his father appeared at the adjudicatory hearing without counsel. "If it appears that [T. D. W. and his father were] unable to obtain counsel despite diligent efforts, then a new [adjudicatory hearing] is warranted. If, on the other hand, after this hearing, the court determines that [T. D. W. and his father's] failure to obtain counsel was attributable to [their] own lack of diligence, then no new [adjudicatory hearing] is demanded [and the adjudication of delinquency and dispositional sentence may be reinstated]. After this hearing and the entry of an order reflecting the judge's findings, [T. D. W.] is free to pursue whatever further remedies may be available to him, including the right to appeal directly from the judge's order on this issue." *Hasty v. State*, 210 Ga. App. 722, 724-725 (1) (437 SE2d 638) (1993). See generally *Flanagan v. State*, 218 Ga. App. 598 (462 SE2d 469) (1995).

The instant case differs from *Smith v. State*, 211 Ga. App. 567 (440 SE2d 44) (1993), rev'd, 264 Ga. 634 (452 SE2d 90) (1994), in which our Supreme Court reversed this Court's reversal of Smith's conviction for simple battery. First, in *Smith* the defendant was not sentenced to actual imprisonment, whereas in this case T. D. W. was sentenced to confinement. Secondly, in *Smith*, the non-indigent defendant clearly understood and wished to avoid the danger of self-representation, but was unable to retain counsel due to the loss of his job. In this case, there is no indication from the record as to the reason T. D. W. and his father appeared for the adjudicatory hearing unrepresented. Moreover, it is not clear from the record that *after* the petition was amended to include the aggravated assault charge, which was a designated felony, T. D. W. or either of his parents was

warned of the consequences of an affirmative finding on the newly added charge. Compare *In the Interest of W. M. F.*, 180 Ga. App. 397, 399 (3) (349 SE2d 265) (1986); see also *In re B. M. H.*, 177 Ga. App. at 478. Our conclusion is supported by the post-hearing conversation in which T. D. W. and his father demonstrated that they were unaware of the ramifications of the aggravated assault charge.

2. T. D. W. also argues that the pertinent proceedings were not recorded as mandated by OCGA § 15-11-28 (b) and that the State erred in failing to hold an adjudicatory hearing within 60 days of the filing of the petition, as required by OCGA § 15-11-26 (a). These enumerations are without merit. See generally *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976).

*Judgment vacated and case remanded. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 7, 1997.

*Mary Evans-Battle*, for appellant.
*Tommy K. Floyd, Robert E. Keller, District Attorneys, Elizabeth N. Scarbrough, Assistant District Attorney*, for appellee.