A02A0398. IN THE INTEREST OF Q. J. A., a child.
(564 SE2d 770)

BLACKBURN, Chief Judge.

Q. J. A. was charged with criminal trespass and theft by shoplifting and was sentenced under the designated felony act by the juve-

---

nile court. He appeals, arguing, on several grounds, that his plea was not knowing and voluntary and that the trial court erred in failing to give him notice of his status as a designated felon. We affirm.

1. Three of Q. J. A.'s enumerations raise the same issue, i.e., whether his actions during the arraignment hearing were knowing and voluntary. Q. J. A. maintains in his first enumeration of error that the trial court, at his arraignment, erred in admitting a statement in which he admitted to theft by shoplifting while not represented by counsel. In his third enumeration of error, Q. J. A. contends that the trial court erred by advising him of his rights at a mass arraignment and not thereafter ascertaining that he and his mother fully understood those rights prior to the acceptance and entry of his plea admitting the shoplifting charge. In his fourth enumeration of error, Q. J. A. argues that the trial court erred in not providing him counsel at the arraignment when he admitted to the shoplifting charge. We will consider these enumerations together.

We begin by recognizing that

[a] juvenile charged with delinquency is entitled by right to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial. Without question, these include the right to adequate notice of the charges, appointment of counsel, the constitutional privilege against self-incrimination, and the right to confront . . . witnesses.

(Citations, punctuation and emphasis omitted.) *In the Interest of S. H.*[1] We also note that

[t]he arraignment hearing is an optional formal hearing which may be conducted in conjunction with the detention hearing or in a separate hearing. The purpose of the arraignment hearing is to formally advise the child of his or her rights to counsel, to remain silent and to a hearing before the judge; to advise him or her of the allegations as they are stated in the petition; and to offer the child an opportunity to enter an admission or a denial to the charges [against him].

Uniform Juvenile Court Rule 10.1.

The record shows that on July 13, 2001, Q. J. A. and his mother were present at juvenile court in Clayton County for arraignment on

---

[1] *In the Interest of S. H.*, 220 Ga. App. 569, 571 (469 SE2d 810) (1996).

two separate petitions. The first petition was a single count of theft by shoplifting; the second contained three separate counts of criminal trespass.

The judge conducted a mass arraignment of those charged with offenses. During the course of that mass arraignment, the judge first called the attention of both the juveniles and their parents to the materials which had been mailed to them in advance; these included a notice to parents regarding arraignment and a copy of the Acknowledgement of Rights form. The judge explained that he would be going over the rights of the juvenile and was available for any questions the juveniles or their parents might have. The judge then set forth the procedure that would be followed that day and what would happen if the child admitted to or denied the charges against him or her. He also explained the circumstances in which detention would be justified, as well as the significance of the designated felony act. The judge explained: the right to counsel; the right to have an attorney appointed if one could not be afforded; the right to testify; the right to present evidence; the right to question witnesses; the right to make arguments; and the ramifications of an admission of guilt, including the rights one would be giving up by making such an admission. The judge went over what constitutes a knowing and voluntary admission of guilt. He explained the drug testing done by the juvenile court. Finally, the judge stated that those juveniles who were denying charges would be able to consult an independent attorney who was present to answer their questions about the rights he had set forth and to explain in greater detail, and have everyone sign, the Acknowledgement of Rights form.

Following these instructions, the calendar was called by the judge, and Q. J. A. indicated that he would be denying a charge. Because he was denying the criminal trespass charges, Q. J. A. had the opportunity to meet with the independent attorney and have any questions he may have had answered. The independent attorney also would have assisted in the review and signing of the Acknowledgement of Rights form.

Q. J. A., his mother, and the juvenile court judge signed the Acknowledgement of Rights form, in which Q. J. A. and his mother acknowledged, among other things, that they had had explained to them and that they understood the following: that he had been charged with theft by shoplifting and three counts of criminal trespass; that he was not obligated to speak; that he had a right to have a lawyer represent him and that the court would provide a lawyer if he could not afford one; the danger of proceeding without a lawyer; possible dispositions of his case should he admit to the charges against him; and that he had a right to trial before a judge. The form also shows that, after being advised of these rights, he had chosen to

admit the shoplifting but not admit the criminal trespass allegations and had elected not to have a lawyer.

Q. J. A. and his mother also met individually with the judge. At that time, the judge asked if either of them had any questions about the rights that he had explained earlier to the group. Either Q. J. A. or his mother indicated that they had no further questions about his rights. The judge then advised Q. J. A. that he had been charged in one petition with theft by shoplifting and asked whether he was admitting or denying the charge; Q. J. A. stated that he was admitting the charge. The judge then outlined the three counts of criminal trespass, and Q. J. A. stated that he was denying those charges. The judge ordered that Q. J. A. be appointed an attorney on the criminal trespass charges. An attorney was appointed to represent Q. J. A., and this attorney did in fact represent Q. J. A. at all subsequent juvenile court proceedings, including the detentional adjudication hearing and the detentional disposition hearing.

Under these circumstances, we find that Q. J. A. understood that he had a right not to admit the charge against him and a right to counsel, that he elected not to have a lawyer present, and that he made an informed admission on the record and in writing, concurred in by his natural mother, who had been provided materials outlining the arraignment procedure and Q. J. A.'s rights, had attended the arraignment, had had access to independent counsel prior to the signing of the Acknowledgement of Rights form, and was present with Q. J. A. before the judge when he met with them. Any contention that because the judge conducted a mass arraignment, Q. J. A. did not freely and voluntarily admit to the charge of theft by shoplifting is contradicted by the facts and the Acknowledgement of Rights form. We also call attention to the fact that the situation in this case is unlike that in *In the Interest of T. D. W.*[2] In that case, the juvenile and his father appeared at the adjudicatory hearing without counsel. Here, Q. J. A. was represented by counsel at the detentional adjudication hearing and the detentional disposition hearing. We find that the judge did not err.

Q. J. A. argues that the State "would also have this Court believe that Q. J. A. specifically answered the judge when asked whether there were any questions. The record shows that *unidentified voices* answered the judge 'No, Sir,' after being asked were there any questions." The judge asked the question when Q. J. A. and his mother met privately with him. Though the court reporter did not indicate who responded, "No, Sir," we assume that the judge was satisfied that either Q. J. A. or his mother or both, rather than the assistant

---

[2] *In the Interest of T. D. W.*, 229 Ga. App. 273 (493 SE2d 736) (1997).

district attorney, answered the question he directed to them. We "will not presume the trial court committed error where that fact does not affirmatively appear." *Smith v. Manley*.[3]

2. In his second enumeration of error, Q. J. A. argues that "[t]he trial court erred in proceeding with the adjudication and disposition with respect to the theft by shoplifting and the criminal trespass charge in violation of OCGA § 15-11-30, which entitles appellant to representation at all stages of proceedings alleging delinquency." Though this enumeration of error, as stated, is somewhat confusing and seems to involve issues we have addressed above, Q. J. A.'s contentions, as set forth in his brief, are that the trial court erred in not warning him of the danger of proceeding without counsel and not giving him notice of his status as a designated felon until the time of the detention hearing. These arguments have no merit.

First, the transcript of the mass arraignment makes clear that the judge enumerated Q. J. A.'s rights and the fact that he would lose certain of those rights if he chose to admit the charge against him. His rights were also set forth in the Acknowledgement of Rights form, and in signing that form, he and his mother stated that they "[understood] the danger of proceeding without a lawyer."

As to his contention that he should have been provided notice of the designated felony, in order

> [t]o satisfy due process, a delinquency petition must contain sufficient factual details to inform the juvenile of the nature of the offense and must provide data adequate to enable the accused to prepare his defense. The petition in this case alleged that [Q. J. A.] had committed the felony offense of [theft by shoplifting in violation of OCGA § 16-8-14], thereby informing him of the nature of the offense with which he was charged. The petition further alleged that on or about [April 20, 2001, Q. J. A. committed the offense of theft by shoplifting by taking possession of or concealing two compact discs which were the property of Wal-Mart]. This data was sufficient to enable [Q. J. A.] to prepare his defense to the charge that he committed the act alleged.

(Footnote omitted.) *In the Interest of A. T.*[4] Further, "due process does not require that the juvenile be informed either in writing or in the delinquency petition that he is being charged with a designated felony act which may require that he be sentenced to restrictive custody. OCGA § 15-11-63 contains no notice requirement." Id. at 31-32.

---

[3] *Smith v. Manley*, 96 Ga. App. 158, 161 (99 SE2d 534) (1957).
[4] *In the Interest of A. T.*, 246 Ga. App. 30, 31 (539 SE2d 540) (2000).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED APRIL 24, 2002.

*Edward R. Downs, Jr.*, for appellant.
*Robert E. Keller, District Attorney, R. Christopher Montgomery, Jr., Assistant District Attorney*, for appellee.