**THIRD DIVISION**
**ANDREWS, P. J.,**
**DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 3, 2013**

# In the Court of Appeals of Georgia

A13A0807. IN THE INTEREST OF S. M., a child.

DILLARD, Judge.

S. M., a minor, appeals the juvenile court's dispositional order following his adjudication of delinquency on several counts, including one act which, if committed by an adult, would constitute the crime of theft by taking a motor vehicle. After determining that this was S. M.'s second adjudication of delinquency for motor-vehicle theft, a designated felony act under OCGA § 15-11-63 (a) (2) (E), the juvenile court conducted a dispositional hearing and imposed restrictive custody pursuant to OCGA § 15-11-63 (b). S. M. argues, *inter alia*, that the juvenile court erred in adjudicating him as a designated felon because he did not knowingly and voluntarily waive his right to counsel in the prior adjudication. For the reasons set forth *infra*, we

vacate the disposition order and remand this case to the juvenile court for the entry of a new disposition order.

In pertinent part, the designated felony statute, OCGA § 15-11-63, defines a "designated felony act" as an act which constitutes "a second or subsequent violation of Code Sections 16-8-2[1] through 16-8-9, relating to theft, if the property which was the subject of the theft was a motor vehicle."[2] Designated felony acts are those which the General Assembly has deemed serious enough to authorize the juvenile court, after conducting a hearing and making certain statutory findings of fact, to confine the juvenile to restrictive custody.[3]

Here, in addition to the present delinquency adjudication, S. M. had been adjudicated delinquent in December 2011 after admitting to an act which, if

---

[1] OCGA § 16-8-2, the code section at issue in this case, provides that, "[a] person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated."

[2] OCGA § 15-11-63 (a) (2) (E).

[3] When a juvenile court orders restrictive custody, the child must be placed in the custody of the Department of Juvenile Justice for an initial period of five years, must be confined in a youth development center for a time certain, initially not less than 12 months and not more than 60 months, and must be placed under intensive supervision for 12 months thereafter. *See* OCGA § 15-11-63 (e) (1) (A) - (C).

committed by an adult, would have been the crime of theft by taking a motor vehicle. It is this prior adjudication that rendered S. M.'s current motor-vehicle theft a designated felony act.

S. M. argues on appeal, as he did in the juvenile court, that the prior adjudication could not be used to render his present act a designated felony because he was unrepresented by counsel at the December 2011 hearing and did not knowingly and voluntarily waive his right to counsel. We agree.

It is well-established that a juvenile has a right to counsel during a dispositional hearing,[4] although that right can be waived.[5] But the State has a "heavy burden" of

---

[4] *See In the Interest of S. H.*, 220 Ga. App. 569, 571 (469 SE2d 810) (1996) ("The juvenile charged with delinquency is entitled by right to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial[;] [w]ithout question, these include the right to adequate notice of the charges, appointment of counsel, the constitutional privilege against self-incrimination, and the right to confront opposing witnesses." (citation, emphasis, and punctuation omitted)); *see also Application of Gault*, 387 U.S. 1, 34-42 (III)-(V) (87 SCt 1428, 18 LE2d 527) (1967).

[5] *See In the Interest of T. S.*, 211 Ga. App. 46, 46 (1) (438 SE2d 159) (1993) (juvenile waived right to counsel when he and his mother signed a written acknowledgment of his right to counsel, he was warned of the possible dispositions upon a finding of delinquency and of the hazards of proceeding without an attorney, and both he and his mother failed to retain counsel for hearing despite having been granted two continuances to do so).

proving, under the totality of the circumstances, that a juvenile knowingly and voluntarily understood and waived his or her right to counsel.[6] The standard for determining whether the waiver of a non-indigent juvenile, such as S. M., was valid is the same as that used for an adult; namely,

> when presented with a non-indigent defendant who has appeared for trial without retained counsel, the trial judge has a duty to delay the proceedings long enough to ascertain whether the defendant has acted with reasonable diligence in obtaining an attorney's services and whether the absence of an attorney is attributable to reasons beyond the defendant's control.[7]

Moreover, the juvenile court must make the juvenile "aware of the danger of proceeding without counsel."[8]

---

[6] *See Crawford v. State*, 240 Ga. 321, 323 (1) (240 SE2d 824) (1977) ("Confessions of juveniles are scanned with more care and received with greater caution."); *In the Interest of T. D. W.*, 229 Ga. App. 273, 275 (493 SE2d 736) (1997) ("[When] a defendant proceeds to trial and represents himself the record should reflect that the trial court made the defendant aware of the danger of proceeding without counsel[;] [t]his is particularly true in juvenile cases as the [S]tate has a heavy burden in showing that the juvenile did understand and waive his rights." (punctuation omitted)).

[7] *In the Interest of T. D. W.*, 229 Ga. App. at 275-76.

[8] *In the Interest of B. M. H.*, 177 Ga. App. 478, 478 (339 SE2d 757) (1986) (punctuation omitted); *see also Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981); *In the Interest of W. M. F.*, 180 Ga. App. 397, 399 (3) (349 SE2d 265) (1986).

In the case *sub judice*, during the December 2011 dispositional hearing, the sole inquiry into S. M.'s lack of counsel came from the assistant district attorney:

> [The State]: [S. M.], do you wish to represent yourself today and proceed with this matter or do you want an opportunity to hire a lawyer?

> [S. M.]: I'll go on–myself.

S. M. then proceeded to admit to the acts set forth in the delinquency petition, including theft by taking of a motor vehicle.

This brief and cursory exchange was not sufficient to ensure that S. M. understood his right to an attorney, or that he knowingly and intentionally waived that right. No inquiry was made into the reason for S. M.'s lack of counsel,[9] nor was any information given to ensure that he understood the danger of proceeding without legal

---

[9] *See In the Interest of T. D. W.*, 229 Ga. App. at 276 (vacating adjudication of delinquency of unrepresented juvenile because the court made no attempt to ascertain whether juvenile or his parents acted with reasonable diligence in obtaining an attorney and whether the absence of counsel was attributable to reasons beyond juvenile's control).

representation.[10] S. M. has therefore met his burden of proving that his waiver of counsel in the prior dispositional hearing was neither knowing nor voluntary.[11]

The issue remains, however, whether S. M.'s collateral attack on the December 2011 delinquency adjudication renders that adjudication inadmissible in the present case for the purposes of the designated felony statute.[12] We conclude that it must. As this Court stated in *In the Interest of L. J.*,[13] "a first or prior violation is an element of the designated felony act that must be proven beyond a reasonable doubt before restrictive custody may be imposed under OCGA § 15-11-63 (a) (2) (E)."[14] And an

---

[10] *See In the Interest of W. M. F.*, 180 Ga. App. at 399 (3) (holding juvenile's decision to proceed without counsel was not knowing and voluntary because the court failed to warn her or her mother of the danger of proceeding without counsel); *In the Interest of B. M. H.*, 177 Ga. App. at 478 (holding that juvenile did not validly waive her right to counsel because the court did not warn her of the dangers of proceeding alone).

[11] *See Beck v. State*, 283 Ga. 352, 354 (2) (658 SE2d 577) (2008) (allocating the respective burdens of production in collateral attacks on guilty pleas); *Nash v. State*, 271 Ga. 281, 284 (519 SE2d 893) (1999) (same).

[12] We note that the admission in the December 2011 delinquency adjudication was not directly appealed and is before this Court only to the extent that S. M. is mounting a collateral attack on the adjudication for its use pursuant to OCGA § 15-11-63 (a) (2) (E).

[13] 279 Ga. App. 237 (630 SE2d 771) (2006).

[14] *Id*. at 239-40.

admission of guilt that is itself invalid cannot constitute proof beyond a reasonable doubt of the acts admitted therein.[15] The State otherwise tendered *no evidence* of the prior adjudication except that of the dispositional hearing transcript.[16] It follows then, that the juvenile court's imposition of restrictive custody based upon its rendering of S. M.'s current adjudication of delinquency as a designated felony act pursuant to OCGA § 15-11-63 (a) (2) (E) cannot stand. We therefore vacate the dispositional

---

[15] *See Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (89 SCt 1709, 23 LEd2d 274) (1969) ("[I]f a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void."). *Cf. Nash*, 271 Ga. at 282 ("[A] plea of guilty that is invalid under *Boykin* may not be used to enhance punishment in a subsequent trial . . . ." (punctuation omitted)).We note that we previously held in *In the Interest of L. J.* that the designated felony statute is not a "traditional recidivist statute" such as that at issue in *Nash,* but we nonetheless reaffirmed the burden of proof required to establish the prior violation for purposes of the designated felony statute. *See* 279 Ga. App. at 239-40.

[16] Although the State was not required to prove a formal adjudication of delinquency on the charges for the purposes of OCGA § 15-11-63 (a)(2)(E)—merely a prior violation—that fact does not change our analysis, because proof of both the violation and adjudication were based solely upon the transcript of the dispositional hearing. *See generally In the Interest of L. J.*, 279 Ga. App. at 239 ("[W]e hold that OCGA § 15-11-63 (a) (2) (E) does not require proof of a second or subsequent *adjudication* of delinquency (although such would suffice) to authorize the imposition of restrictive custody. Rather, OCGA § 15-11-63 (a) (2) (E) authorizes restrictive custody when a child is found to have committed a second or subsequent *violation* . . . .").

order and remand this case to the juvenile court for entry of a new disposition order consistent with this opinion.

*Judgment vacated and case remanded. Andrews, P. J., and McMillian, J., concur.*