A90A1026. IN THE INTEREST OF M. E. T., JR., a child.
(398 SE2d 30)

CARLEY, Chief Judge.

A petition was filed alleging that appellant was a delinquent child. Pursuant to OCGA § 15-11-10 (b), the hearing on the delinquency petition was held before a referee. We note that the judicial officer formerly known as a "referee" is now an "Associate Juvenile Court Judge." Ga. L. 1990, p. 1691, § 4. However, since all proceed-

ings in this case occurred prior to the effective date of the 1990 amendment to OCGA § 15-11-10, we will continue to refer to said officer as "referee." The referee found appellant to be delinquent and recommended that he be placed on probation for 18 months. Pursuant to OCGA § 15-11-10 (d), appellant then filed a timely request for a rehearing by the juvenile court judge.

Thereafter, the record reflects that an order was entered indicating that the juvenile court judge had "reviewed the matter in accordance with Rule 19.2 of the Uniform Rules of the Juvenile Courts of Georgia by reviewing all the pleadings, and the electronic transcript from the original proceeding by the Referee." The order further recites that, as the result of a review of the record of the original proceeding, the juvenile court judge found "that the referee did not commit any error in fact or in law in his conduct of this hearing. It is therefore ORDERED that [appellant's] appeal is DENIED and the findings of the Referee . . . are hereby confirmed and made the ORDER of the Court." Having "denied" appellant's appeal, the juvenile court judge subsequently signed the original findings and recommendations of the referee. In so doing, the juvenile court judge indicated that "[n]o request for rehearing having been filed within the time provided by law, the within and foregoing findings and recommendations are confirmed and made the Order of the Court." It is from this judgment of the juvenile court confirming the findings and recommendations of the referee that appellant brings the instant appeal.

1. Appellant enumerates as error the failure of the juvenile court judge to afford him a de novo rehearing as to the issue of his delinquency.

OCGA § 15-11-10 (d) provides, in relevant part, that, after a referee has made his findings and recommendations, a rehearing before the juvenile court judge "shall be ordered if a party files a [timely] written request therefor. . . ." The record shows that appellant made such a timely request. It was, therefore, mandatory that the juvenile court judge conduct a rehearing. The rehearing that is mandated by OCGA § 15-11-10 (d) would differ from a review of a referee's findings and recommendations. "[A] rehearing or reconsideration contemplates a *second, a de novo, consideration of a cause or a retrial of the issues*; while a review involves only the examination of the record by an appellate tribunal and consideration for the purpose of correction. [Cit.]" (Emphasis supplied.) *Department of Public Safety v. MacLafferty*, 230 Ga. 22, 27 (195 SE2d 748) (1973). Rule 19.2 of the Uniform Rules For the Juvenile Courts is procedural and provides that a rehearing pursuant to OCGA § 15-11-10 (d) is to be based upon the juvenile court judge's review of the original evidence that was adduced before the referee. Rule 19.2 is not substantive authority for the juvenile court judge merely to conduct a review of the referee's

findings and recommendations for the purpose of correcting errors.

Thus, OCGA § 15-11-10 (d) and Rule 19.2 did not entitle appellant to a de novo *evidentiary* proceeding conducted before the juvenile court judge. Appellant was, however, entitled to have the juvenile court judge undertake a de novo review of the evidence that had been adduced before the referee and, based thereon, to have the juvenile court judge then make a de novo determination as to appellant's delinquency. However, rather than undertaking such a de novo consideration and making such a de novo determination, the record shows that the juvenile court judge purported to act as an appellate court rather than a trial court and, after reviewing the referee's findings for errors, "denied" appellant's appeal. This was erroneous. There is no authority for a juvenile court judge to review a referee's findings and recommendations and then to "grant" or "deny" an appeal. The review that the juvenile court judge was authorized and required to undertake was a de novo review of the evidence, not a review of the referee's findings and recommendations. Likewise, the disposition that the juvenile court judge was authorized and required to make was a de novo determination as to appellant's delinquency, not an order granting or denying appellant's appeal.

The juvenile court judge also erred by subsequently "confirming" the findings and recommendations of the referee. A juvenile court judge is authorized to confirm the referee's findings and recommendation *only* if no rehearing is mandated. OCGA § 15-11-10 (e). Although the juvenile court judge indicated that the confirmation of the referee's findings and recommendations resulted from "no request for rehearing having been filed within the time provided by law," this factual determination is clearly erroneous. Appellant *had* filed a timely request for a rehearing and it was, therefore, mandatory that a rehearing be conducted. OCGA § 15-11-10 (d). As discussed previously, appellant's timely request for a rehearing required that the juvenile court judge make de novo findings and recommendations after conducting a de novo review of the original evidence that the referee had considered. The juvenile court judge in the instant case could have entered an order adopting the referee's findings and recommendations after conducting a de novo review of the *same evidence* presented to the referee. The juvenile court judge could not, however, ignore appellant's timely request for a rehearing and merely "confirm" the findings and recommendations of the referee pursuant to OCGA § 15-11-10 (e).

It follows that appellant has been denied the rehearing to which he is entitled under OCGA § 15-11-10 (d). "The only way for an appellate court to ensure that important safeguards such as [OCGA § 15-11-10 (d)] are observed is to reverse a case in which they are not observed and remand the case for further proceedings in which they

will be observed." *In the Interest of C. M. M.*, 244 Ga. 787, 789 (2) (262 SE2d 103) (1979). Accordingly, the judgment of the juvenile court is reversed with direction that the erroneous orders that were entered after appellant's timely request for a rehearing be vacated and that the juvenile court judge now conduct a de novo consideration of the evidence originally heard by the referee and then make a de novo determination as to appellant's delinquency.

2. Appellant's remaining enumeration of error is moot.

*Judgment reversed with direction. McMurray, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 26, 1990 —
REHEARING DENIED OCTOBER 15, 1990.

*Mitchell Rodriguez*, for appellant.

*Jonath A. Morrow, Solicitor, Joan M. Kuechle, Assistant Solicitor*, for appellee.