S94A1270. IN RE R. B., a child.
(448 SE2d 690)

CARLEY, Justice.

A delinquency petition was filed, alleging that the 16-year-old appellant had committed the offense of murder. Acting pursuant to OCGA § 15-11-39, the juvenile court conducted a hearing to determine whether to transfer for prosecution in the superior court. The

juvenile court ordered the transfer, and appellant appeals.[1]

1. Before a transfer can be ordered, the juvenile court is required to make various findings, including a determination that there are "reasonable grounds to believe that [t]he child committed the delinquent act alleged[.]" OCGA § 15-11-39 (a) (3) (A). Over objection, the juvenile court allowed hearsay testimony from an investigator as evidence of the "reasonable grounds to believe" that appellant had committed the murder. Appellant enumerates this evidentiary ruling as error.

It is clear that hearsay is admissible in the context of a preliminary detention hearing. Juvenile Court Rule 8.1. See also Superior Court Rule 26.2 (B) (1) (hearsay admissible at commitment hearing). Citing *C. L. A. v. State of Ga.*, 137 Ga. App. 511 (1) (224 SE2d 491) (1976), appellant urges, however, that hearsay is not admissible in the context of a transfer hearing, because such a hearing is "of a totally different nature."

> Contrary to appellant's argument, [the] pronouncement in *C. L. A. v. State of Ga.*, [supra,] that a transfer hearing is "of a totally different nature" from a preliminary detention hearing does not mean that a higher standard of proof that the child committed the delinquent act is required in a transfer hearing. In *C. L. A.* [the] court made clear only that a transfer hearing was different from a preliminary detention hearing in that, unlike the preliminary detention hearing, several other showings must be made *in addition to* the showing that there are reasonable grounds to believe the juvenile committed the acts alleged. . . . Although . . . some of [the investigator's] testimony [may have been] hearsay, which would not suffice to support a conviction, OCGA § 15-11-39 (a) (3) "requires only that the court find that there are 'reasonable grounds to believe' that the child committed the act alleged, not 'proof beyond a reasonable doubt' as is required for a conviction. [Cit.]" [Cit.]

(Emphasis in original.) *In the Interest of R. J.*, 191 Ga. App. 712, 713-714 (1) (c) (382 SE2d 671) (1989).

2. The juvenile court did not abuse its discretion in allowing the

---

[1] The alleged offense occurred on May 28, 1993. Summons and process, as well as a notice of transfer, were issued on July 28, 1993. On September 22, 1993, the juvenile court held the transfer hearing. The order of transfer was filed on October 4, 1993. The notice of appeal was filed on November 3, 1993. On December 2, 1993, the appeal was docketed in the Court of Appeals, which transferred the case to this court, as it is an appeal in a murder case. *In re E. W.*, 256 Ga. 681, fn. 1 (353 SE2d 175) (1987). On July 11, 1994, the appeal was submitted for decision.

State to reopen its case. *Brown v. State*, 210 Ga. App. 59, 60 (2) (435 SE2d 274) (1993).

3. A review of the record shows that the juvenile court correctly balanced appellant's interest in treatment in the juvenile system against the community's interest in treating him as an adult. The juvenile court's finding that, because of the heinous nature of the alleged murder, the community's interest in treating appellant as an adult outweighed his interest in remaining in the juvenile system was sufficient to authorize the transfer. *State v. M. M.*, 259 Ga. 637, 640 (2) (c), (3) (386 SE2d 35) (1989). To the extent that *In the Interest of R. A. J.*, 214 Ga. App. 162, 163 (2) (447 SE2d 158) (1994) is inconsistent with our holding, it is hereby overruled.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 11, 1994 —
RECONSIDERATION DENIED NOVEMBER 3, 1994.

*Furlong & Franco, Walter W. Furlong,* for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Sally Butler, Assistant District Attorneys,* for appellee.