S94A1720. IN THE INTEREST OF J. D., a child.
(452 SE2d 105)

FLETCHER, Justice.

Fifteen-year-old J. D. was charged with burglary and felony murder in connection with the shooting death of eighty-six-year-old Ida Dodson. The juvenile court conducted a hearing and ordered the case transferred to superior court under OCGA § 15-11-39. The defendant appeals, alleging that the juvenile court erred in failing to determine whether J. D. was amenable to treatment. We affirm.

A juvenile court may order a transfer to superior court when the community's interest in treating the juvenile as an adult outweighs the juvenile's interest in being treated in the juvenile system. *In the Interest of J. H.,* 260 Ga. 447, 449 (396 SE2d 885) (1990). Whether the child is amenable to treatment in the juvenile system is a factor to consider in balancing the interests of the child and community. *In*

*the Interest of J. N. B.*, 263 Ga. 600 (436 SE2d 202) (1993). The state is not required to show, nor is the transfer order required to explain, why the child is not amenable to treatment when that factor is not relied on as the basis for the transfer. *State v. M. M.*, 259 Ga. 637 (386 SE2d 35) (1989).

The state did not seek a transfer based on nonamenability to treatment, and the juvenile court did not rely on nonamenability to treatment in making its decision. Rather, the court found that it would be in the best interest of the public for J. D. to be dealt with as an adult based on the severity of the offense and the community's interest in public prosecution. Because the juvenile court did not abuse its discretion in ordering the transfer based on this finding, we affirm. See *In re R. B.*, 264 Ga. 602 (448 SE2d 690) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 17, 1995.

*Mark R. Pollard,* for appellant.

*Lewis R. Slaton, District Attorney, Sally A. Butler, Barry I. Mortge, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.