577 S.E.2d 819 (2003)
259 Ga. App. 662
In the Interest of D.W.B., a Child.
No. A03A0584.
Court of Appeals of Georgia.
January 31, 2003.
Reconsideration Denied February 14, 2003.
Certiorari Denied May 5, 2003.
*820 Flint & Connolly, Canton, John F. Connolly, Norcross, for appellant.
Gary T. Moss, Dist. Atty., Scott T. Poole, Wallace W. Rogers, Jr., Asst. Dist. Attys., for appellee.
ELDRIDGE, Judge.
A delinquency petition was filed, alleging that the sixteen-year-old appellant had committed the offenses of trafficking in cocaine (OCGA § 16-13-31(a)), possession of marijuana with the intent to distribute (OCGA § 16-13-30(j)), and two counts of possession of a firearm during the commission of a felony (OCGA § 16-11-106), one as to a Ruger 9 mm pistol and the other as to a Kimar 8 mm pistol. Acting under OCGA § 15-11-39, the juvenile court conducted a hearing to determine whether to transfer the appellant for prosecution in the superior court. The juvenile court ordered the transfer, and the appellant appeals.[1]
1. Appellant's claim to the contrary notwithstanding, the record shows that the juvenile court issued the complained-of transfer order upon the express finding that *821 reasonable grounds existed to believe that "the [appellant] is not committable to an institution for the mentally retarded or mentally ill." See OCGA § 15-11-30.2(a)(3)(B). Accordingly, there is no error on this account. Further, while the appellant variously faults the psychologist's determination that the appellant was not committable as mentally retarded, the juvenile court did not abuse its discretion in finding that the appellant was not committable upon the conclusion of its mental health expert to such effect.[2] Where there is evidence in support of a condition upon which transfer may be ordered, the juvenile court does not abuse its discretion in finding the same as a matter of law. See D.T.R. v. State of Ga., 174 Ga.App. 695, 697, 331 S.E.2d 70 (1985) ("The juvenile court does not abuse its discretion where there is evidence in support of the transfer. [Cit.]").
2. The juvenile court's transfer order was also predicated upon the finding that reasonable grounds existed to believe that "[t]he [appellant] committed the delinquent act[s] alleged." OCGA § 15-11-30.2(a)(3)(A). Over objection, the juvenile court admitted in evidence hearsay testimony from an investigator showing reasonable grounds to believe the appellant committed the charged offenses. Citing C.L.A. v. State of Ga., 137 Ga.App. 511(1), 224 S.E.2d 491 (1976), the appellant challenges this evidentiary ruling as error, contending that a transfer hearing "may not, as a matter of law, be treated as similar to a probable cause hearing." We disagree. "[T]he pronouncement in C.L.A. v. State of Ga., supra, that a transfer hearing is [different][3] from a preliminary detention hearing does not mean that a higher standard of proof that the child committed the delinquent act is required in a transfer hearing." (Citation and punctuation omitted.) In re R.B., 264 Ga. 602, 603(1), 448 S.E.2d 690 (1994). Inasmuch as the object of such hearings is such proof as would constitute "reasonable grounds to believe" rather than proof sufficient to support a conviction, hearsay is admissible at juvenile detention hearings as well as juvenile transfer hearings. Id.; In the Interest of R.J., 191 Ga. App. 712, 713-714(1)(c), 382 S.E.2d 671 (1989).
3. Finally, the appellant challenges the juvenile court's transfer order contending that the evidence was insufficient to show (a) that he committed the offenses alleged against him as based on hearsay, see OCGA § 15-11-30.2(a)(3)(A); (b) that he was not committable to an institution for the mentally retarded or mentally ill, see OCGA § 15-11-30.2(a)(3)(B); and (c) that he was not amenable to treatment in the juvenile system. See OCGA § 15-11-30.2(a)(3)(C).
We have determined that hearsay was admissible at the instant transfer hearing and that the juvenile court did not abuse its discretion in finding that the appellant was not committable upon the mental health report of its psychologist. See Divisions 1 and 2, supra. It follows that the appellant's claims to the contrary based on such evidentiary grounds alone must be deemed without merit.
Neither is there merit in the claim that the juvenile court erred in ordering transfer for want of evidence at the transfer hearing in that the appellant is not amenable to treatment in the juvenile system.
A juvenile court may order a transfer to superior court when the community's interest in treating the juvenile as an adult outweighs the juvenile's interest in being treated in the juvenile justice system. In the Interest of J.H., 260 Ga. 447, 449, 396 S.E.2d 885 (1990). Whether the child is amenable to treatment in the juvenile [justice] system is a factor to consider in balancing the interests of the child and community. In the Interest of J.N.B., 263 Ga. 600, 436 S.E.2d 202 (1993). The state is not required to show, nor is the transfer order required to explain, why the child is *822 not amenable to treatment when that factor is not relied on as the basis for the transfer [order]. State v. M.M., 259 Ga. 637, 386 S.E.2d 35 (1989).
In the Interest of J.D., 264 Ga. 836-837, 452 S.E.2d 105 (1995).
The state sought a transfer based on the seriousness of the appellant's offenses rather than his nonamenability to treatment in the juvenile justice system. And with no apparent reliance upon the appellant's amenability to such treatment, the juvenile court found that under the circumstances, "[t]he interests of [the appellant] and the community require that the [appellant] be placed under legal restraint and the transfer be made." Appellant's transfer was not improper as an abuse of discretion on this finding. In the Interest of J.D., supra.
Judgment affirmed.
JOHNSON, P.J., and MIKELL, J., concur.
NOTES
[1] The alleged offenses occurred on or about May 29, 2002. Summons and process, as well as a notice of transfer, were issued on June 5-7, 2002. On June 10-11, 2002, the juvenile court held its transfer hearing. The order of transfer was filed on June 26, 2002. The notice of appeal was filed on July 24, 2002, and the matter was docketed in this Court on November 12, 2002.
[2] The appellant was psychologically evaluated upon the motion of the juvenile court.
[3] A transfer hearing is different from a preliminary detention hearing in that, unlike the preliminary detention hearing, showings beyond the existence of reasonable grounds to believe the juvenile committed the acts alleged must be made. In re R.B., 264 Ga. 602, 603(1), 448 S.E.2d 690 (1994); see also OCGA § 15-11-30.2(a)(3)(B), (C).