708 S.E.2d 1 (2011)
In the Interest of J.C., a child.
No. A10A2124.
Court of Appeals of Georgia.
February 4, 2011.
Reconsideration Denied March 10, 2011.
*2 Randee J. Waldman, Stephen Michael Reba, for Appellant.
Gwendolyn Keyes Fleming, Robert Harley Wilson, for Appellee.
BARNES, Presiding Judge.
Sixteen-year-old J.C. was adjudicated delinquent for shoplifting, and argues on appeal that the State's evidence against him was insufficient because it was based on inadmissible hearsay and that the juvenile court judge did not comply with the requirements of OCGA § 15-11-21(e) in ruling upon J.C.'s request for rehearing. For the reasons that follow, we affirm in part, reverse in part, and remand with direction.
In reviewing a delinquency adjudication, "we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged." (Citations and punctuation omitted.) In the Interest of T. T., 236 Ga.App. 46(1), 510 S.E.2d 901 (1999). We examine the evidence under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), with all reasonable inferences construed in favor of the juvenile court's findings. In the Interest of C.F., 255 Ga.App. 620-621, 566 S.E.2d 387 (2002).
So viewed, the evidence demonstrates that a security guard at Macy's was watching customers via the store's closed circuit television (CCTV) system when he saw J.C. select a Polo hat from the merchandise on sale and put it down his pants. Within less than one minute, the guard arrived on the sales floor and watched J.C. leave the store. The guard then followed him out the door and apprehended him. J.C. did not have the hat on him, but told the guard he had taken it out of his pants and put it back.
1. J.C. contends the trial court erred in considering the security guard's testimony, arguing that it was inadmissible hearsay because it was "based on a video that was not introduced into evidence at the adjudicatory hearing."
In juvenile proceedings, the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adultsproof must be beyond a reasonable doubt. An adjudication of delinquency cannot be based on hearsay, as hearsay is inadmissible, without probative value, and carries no weight whatsoever in establishing a fact.
(Citations and punctuation omitted.) In the Interest of C.G., 261 Ga.App. 814(1), 584 S.E.2d 33 (2003). In C.G., we reversed a delinquency adjudication because the State's witness who identified C.G. as the juvenile who assaulted a police officer did not see the incident occur, but only reviewed a videotape of it. Id. The recording was not tendered into evidence, the witness explained, because it could only be viewed using unavailable specialized equipment. Id. We held that because the videotape was "not made available to the court by being placed into evidence for the defendant to see and mount a defense," the witness's testimony was inadmissible hearsay. Id. The officer who was the victim could not identify his assailant, and thus we reversed the adjudication for lack of evidence. Id. at 815(1), 584 S.E.2d 33.
In this case, however, the guard did not testify based on his review of a recording that showed J.C. concealing merchandise in his pants; he testified based on his observation, via closed-circuit television, of the event as it happened. A witness's testimony about an event he saw unfold live is original evidence, *3 not inadmissible hearsay. Hurston v. State, 194 Ga.App. 226, 390 S.E.2d 119 (1990). The guard's testimony in this case was therefore not based on hearsay.[1]
2. J.C. also asserts that, even if the security guard's testimony was admissible, the State's evidence was still insufficient to prove beyond a reasonable doubt that he committed theft by shoplifting. The State's delinquency petition against J.C. alleged he committed the offense "when he did, with the intent of appropriating merchandise to his own use without paying for the same, take possession of and conceal a hat." The petition tracks the language of the shoplifting statute, OCGA § 16-8-14(a)(1). J.C. contends the State failed to prove he ever had possession of the hat, because "a reasonable fact finder might question whether [the guard] accidentally misidentified J.C. as the individual on the video," and because J.C. did not possess the hat when he was apprehended.
First, as discussed in Division 1, the guard did not identify J.C. based on a videotape; he identified him based on his observation of him through a CCTV monitor. That a fact-finder might question the guard's testimony does not make the evidence insufficient, but raises a credibility issue going to the weight of the evidence.
Second, evidence that J.C. put the hat down his pants is sufficient to establish his intent to shoplift it, regardless of whether he left the store with it. OCGA § 16-8-14(a)(1) provides that a person commits the offense of shoplifting when he conceals merchandise with the intent of appropriating it to his own use without paying for it or depriving the owner of its possession. "[C]riminal intent may be inferred from the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted," and removing the merchandise from the store is not required to establish criminal intent. (Punctuation omitted.) K-Mart Corp. v. Coker, 261 Ga. 745, 747(2), (3), 410 S.E.2d 425 (1991) (examining criminal intent in a malicious prosecution case).
Here, the guard began watching J.C. because he was in the men's Polo department, a high-crime area of the department store. There were no employees in the area. The guard saw J.C. select a hat, conceal it in his pants, and walk toward the store's exit. This evidence is sufficient for the factfinder to conclude J.C. intended to steal the hat. See, e.g., Simmons v. State, 278 Ga.App. 372, 372-373(1), 629 S.E.2d 86 (2006) (intent proven by evidence defendant put two bottles of liquor in his pants, even though he returned them to shelf); Racquemore v. State, 204 Ga.App. 88(1), 418 S.E.2d 448 (1992) (intent proven by evidence defendant put two packages of meat in his pants, even though he returned them to display case).
Although the evidence is legally sufficient to sustain an adjudication of delinquency, we note that the evidence does not demand such an adjudication. Whether to adjudicate J.C. delinquent on this evidence is a decision that is committed in the first instance to the trier of fact.
3. Finally, J.C. contends the juvenile court's order denying his rehearing request was legally deficient. OCGA § 15-11-21(e) provides that, upon the issuance of an associate juvenile court judge's order following a hearing, a rehearing by the judge "shall be ordered if a party files a written request therefor within five days after receiving a copy of the order of the associate juvenile court judge." In response to such a request, the juvenile court judge must "make de novo findings and recommendations after conducting a de novo review of the original evidence that the [associate juvenile court judge] had considered." In the Interest of M.E.T., 197 Ga.App. 255, 257(1), 398 S.E.2d 30 (1990). In other words, the judge must review the evidence *4 de novo, although he or she need not conduct a new evidentiary hearing. Id.
J.C. argues that the order of the juvenile judge did not include de novo findings and recommendations in the order, and erroneously "denied" his motion for rehearing. In M.E.T., we reversed the juvenile court's order issued in response to a motion for rehearing under this code section, formerly OCGA § 15-11-10(d). 197 Ga.App. at 256-258(1), 398 S.E.2d 30. In the order in that case, the judge stated he reviewed the pleadings and transcript of the proceeding, and found that the associate judge "did not commit any error in fact or in law in his conduct of this hearing. It is therefore ORDERED that [appellant's] appeal is DENIED and the findings of the [associate judge] ... are hereby confirmed and made the ORDER of the Court." Id. at 256, 398 S.E.2d 30. The judge subsequently signed the associate judge's original findings and recommendations, stating incorrectly that the juvenile had not filed a request for rehearing. Id.
In reversing the adjudication, we concluded that the judge failed to follow the statutory requirements for a rehearing or reconsideration de novo, which is more than an appellate review of the associate judge's findings and recommendations. M.E.T., supra, 197 Ga.App. at 256-257(1), 398 S.E.2d 30.
In response to J.C.'s motion for rehearing in this case, the juvenile court judge stated that the case was heard before one associate judge for an adjudicatory hearing and another associate judge for a dispositional hearing. The order then provided:
The undersigned has reviewed the matter in accordance with Rule 19.2 of the Uniform Rules for the Juvenile Courts of Georgia by reviewing the pleadings and the electronic recordings of the original proceeding. Upon review and consideration of the same, IT IS HEREBY ORDERED that the Motion for Rehearing be DENIED.
While the language of this order may suggest that the judge conducted a de novo review, as the State argues, the judge plainly erred in "denying" J.C.'s motion for rehearing. "[T]he disposition that the juvenile court judge was authorized and required to make was a de novo determination as to appellant's delinquency, not an order granting or denying appellant's [motion]." M.E.T., supra, 197 Ga.App. at 257(1), 398 S.E.2d 30. "The only way for an appellate court to ensure that important safeguards such as these are observed is to reverse a case in which they are not observed and remand the case for further proceedings in which they will be observed." In the Interest of C.M.M., 244 Ga. 787, 789(2), 262 S.E.2d 103 (1979) (reversing order transferring juvenile case to superior court because associate judge failed to inform juvenile before hearing of his right to have issue heard only by judge, and failed in written findings and recommendations for disposition to include notice of juvenile's right to rehearing before judge); In the Interest of W.M.F., 180 Ga. App. 397, 399(4), 349 S.E.2d 265 (1986) (physical precedent only).
Judgment affirmed in part and reversed in part and case remanded with direction.
BLACKWELL and DILLARD, JJ., concur.
NOTES
[1] We note also that nothing in the record establishes that the incident was even recorded, although the presence or absence of a recording is not dispositive. Because the admissibility of a recording is not an issue in this case, the facts do not implicate the Confrontation Clause or the admissibility of testimonial statements from unavailable witnesses, as was the case in Crawford v. Washington, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). See Stovall v. State, 287 Ga. 415, 418(3), 696 S.E.2d 633 (2010).