**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A2407. IN THE INTEREST OF M. J., A CHILD.

BARNES, Presiding Judge.

M. J. appeals the juvenile court's order transferring his delinquency case to superior court for prosecution, arguing that the juvenile court abused its discretion by reversing a previous juvenile court order denying the State's motion to transfer. We find no abuse of discretion, and therefore, affirm the juvenile court's order.

A "delinquent felony" petition was filed in juvenile court alleging that 16-year-old M. J. was in need of supervision, treatment, or rehabilitation for having committed acts which would be crimes if committed by an adult, specifically, aggravated assault by shooting the victim three times; obstruction of an officer, and giving a false name to a law enforcement officer who was discharging his official duties. The petition was amended on July 5, 2012 to add additional charges for

aggravated assault, aggravated battery, possession of a firearm during the commission of a crime, and possession of a firearm by a minor.

After a hearing, an associate juvenile court judge issued an order binding the matter over to superior court. The order contained the findings of fact and conclusions of law required by former OCGA § 15-11-30.2 (a) (3).[1] That code section provided that the juvenile court may transfer such a case to the appropriate court for prosecution if the court finds in its discretion that reasonable grounds existed to believe three things: (1) that the child committed the act alleged; (2) that the child was not committable to an institution for the mentally ill or retarded; and (3) that the interests of the child and community required that the child be placed under legal restraint and the transfer be made. Former OCGA § 15-11-30.2 (a) (3).

---

[1]Ga. L. 2013, p. 294, § 1/HB 242, significantly revised Chapter 11 of Title 15, effective January 1, 2014 for "all offenses which occur and juvenile proceedings commenced on and after such date." The provisions of the new code addressing the transfer of a juvenile to superior court for criminal trial are found in OCGA §§ 15-11-561, 15-11-562.

Former OCGA § 15-11-21 (e)[2] gave either party aggrieved by an associate juvenile court judge's transfer decision the right to a rehearing by a juvenile court judge upon timely request, and M. J. made such a request in this case. The chief juvenile court judge granted the motion for a rehearing and issued an order denying the State's request to bind the case over to superior court. The order stated that after conducting "a de novo review of the transcript[,] pleading[s ,] and evidence of the original proceeding" before the associate juvenile court judge, "and after careful consideration of the same," the court found that

> It is the opinion of this court that the circumstances surrounding this child do[] not warrant treating this child as an adult nor [do they] meet the criteria established by the Code for bindovers. The child's alleged actions though egregious do not rise to the level of being heinous enough to warrant treating him as an adult.

The State moved the juvenile court to reconsider the order denying its motion to bind the matter over to superior court. The State argued that the court failed to examine the evidence de novo but improperly limited its review to the associate

---

[2]This provision was not reenacted in the new juvenile code. See OCGA § 15-11-60 (2013).

judge's findings in a manner akin to an appellate review. See *In re J. C.*, 308 Ga. App. 336, 340 (708 SE2d 1) (2011) (in response to juvenile's motion for rehearing, juvenile court judge authorized and required to make de novo determination); *In the Interest of M.E.T.*, 197 Ga. App. 255, 256-257 (398 SE2d 30) (1990) (while juvenile not entitled to de novo evidentiary hearing, he was entitled to have judge make de novo determination rather than merely confirming prior findings and conclusion). The State further argued that the court did not indicate a basis for its claim that the case did not meet the requirements for transfer under former OCGA § 15-11-30.2, and did not articulate a determination under former OCGA § 15-11-30.2 (a) (3) of whether reasonable grounds existed to believe that the child committed the act alleged, that he was not committable to an institution, and that the interests of the child and community required that the child be placed under legal restraint and the transfer be made.

The juvenile court held a hearing on the State's motion for reconsideration and granted it under its inherent authority to correct its own errors, finding that the order denying the State's bindover request was insufficient, was more akin to an appellate review, and did not include findings of fact addressing the factors to be considered

4

under former OCGA § 15-11-30.2 (a)(3) or conclusions of law. The court then stated its intention to review the evidence and transcript of proceedings that the associate juvenile court judge had considered and make findings of fact and conclusions of law regarding whether the matter should be bound over to superior court.

Finally, the juvenile court issued a detailed order granting the State's motion to transfer M. J. to superior court for prosecution. The court reviewed the evidence regarding each of the three factors in former OCGA § 15-11-30.2 (a) and found that there was reason to believe that (1) M. J. committed the offenses, (2) he was not committable to an institution, and (3) the interests of M. J. and the community required that he be placed under legal restraint and the transfer be made. The court also found that evidence was presented that M. J. committed the unprovoked assault on a stranger as a member of a street gang, which resulted in a serious injury with a lifelong impact on the victim, and that M. J. bragged about his gang associations. Further, while M. J. might derive some benefits from efforts toward his rehabilitation as a juvenile, the community's need to place him under sufficient legal restraint was compelling. The court found,

5

The gang's actions and this defendant's actions within it, have cast a net of fear and intimidation over the community which members of the community must confront every day. The Court finds that in balancing the interests of the community and the child, the interests of the community to control gang violence and reduce the fear it nurtures within the community are the prevailing interests in this matter.

M. J. properly filed a direct appeal of the transfer order to this court. See *J.T.M. v. State*, 142 Ga. App. 635, 636 (1) (236 SE2d 764) (1977) (transfer order is final because it operates to transfer the case to superior court, leaving nothing pending in juvenile court).[3] He argues that the juvenile court abused its discretion by granting the State's motion for reconsideration of the order denying the State's motion to transfer. He further argues that the court erroneously held that the previous order denying the motion for transfer should have contained findings of fact pursuant to former OCGA § 15-11-30.2, because such findings are only required when a matter is transferred to

---

[3]The new code provides that
(a) The decision of the court regarding transfer of the case shall only be an interlocutory judgment which either a child or the prosecuting attorney, or both, have the right to have reviewed by the Court of Appeals.
(b) The pendency of an interlocutory appeal shall stay criminal proceedings in superior court.
OCGA § 15-11-564 (2014).

6

superior court, not when transfer is denied. He argues that the juvenile court erroneously held that the previous court failed to conduct a de novo review, despite language in the previous court's order stating that it was conducting a de novo review. Finally, M. J. concludes that the rehearing statute only allowed for one rehearing and the juvenile court's basis for a second rehearing was erroneous.

Pretermitting whether former OCGA § 15-11-30.2 required a juvenile court judge to include specific findings of fact when denying a motion to transfer, we will affirm the juvenile court's ruling if it is right for any reason. *In the Interest of N. C.*, 293 Ga. App. 374, 377 (667 SE2d 181) (2008). Former OCGA § 15-11-21 (e) gave the juvenile court judge the authority to order a rehearing "at any time." While former OCGA § 15-11-21 addressed issues involving associate juvenile court judges, subsection (e) did not specifically limit the juvenile court judge's ability to order a rehearing only in response to an associate judge's order, nor did it provide that only one such rehearing is permissible.

Substantively, we find no error in the juvenile court's decision to transfer the matter to superior court. "The juvenile court properly relied on the heinous nature of the offense in determining that the community's interest in treating [M. J.] as an adult

7

outweighed [M. J.'s] interest in being treated in the juvenile system." *In the Interest of J.H.*, 260 Ga. 447, 449 (1) (396 SE2d 885) (1990). Thus, the juvenile court did not abuse its discretion by issuing the transfer order.

*Judgment affirmed. Miller and Ray, JJ., concur.*