## S00A0746. KELLY v. THE STATE.
(537 SE2d 338)

CARLEY, Justice.

A jury found Larry Wayne Kelly guilty of the malice murder of Kevin Spann and the possession of a firearm during the commission of that crime. The trial court entered judgments of conviction on the jury's verdicts, and imposed sentences of life imprisonment on the murder charge and a consecutive five-year term for the firearm possession offense. Kelly appeals.[1]

Kelly contends only that the evidence was not sufficient to authorize a finding of his guilt of the crimes charged beyond a reasonable doubt. Construed most favorably for the State, the evidence shows that, after Kelly became romantically involved with co-indictee Gina Spann, they planned to kill her husband. Kelly not only participated in three unsuccessful attempts to carry out this plan, he also stole the weapon which was ultimately used to shoot the victim. Although Kelly asserts that he abandoned his active participation before the actual murder was committed, the evidence is not consistent with this claim, showing instead that he never renounced the criminal enterprise, but only postponed it. See OCGA § 16-4-5 (b) (1); *Hyman v. State*, 222 Ga. App. 419, 421 (1) (474 SE2d 243) (1996). Although Ms. Spann hired co-indictees Christopher Bargeron, Gerald Horne, and Matthew Piazzi to kill Mr. Spann, Kelly gave the stolen gun to Bargeron, so that he could give it to Horne. Kelly discussed the plan with the co-indictees and accompanied Ms. Spann when she dropped off Horne and Piazzi near the victim's home. After Piazzi shot the victim, Kelly and Ms. Spann met with Horne and Piazzi at a nearby convenience store.

According to Kelly, he merely was present when Ms. Spann instigated and directed the plot to kill the victim, and the only evidence of his actual participation in the murder was the uncorroborated testimony of an alleged accomplice. However, from several sources came extensive evidence of Kelly's involvement. Horne testified that Kelly offered the use of a vehicle and stated that he and Ms. Spann wanted the victim dead. Piazzi testified that he discussed the plan with Kelly. "Where, as here, more than one accomplice testifies at trial, the testimony of one accomplice may be corroborated by the testimony of the others. [Cit.]" *Hanifa v. State*, 269 Ga. 797, 808-809 (7) (505 SE2d 731) (1998). Moreover, "it is well established that a confes-

---

[1] The murder occurred on or about May 11, 1997. The grand jury returned its indictment on June 3, 1997. The jury found Kelly guilty on December 10, 1997 and, on the same day, the trial court entered the judgments of conviction and sentences. On December 31, 1997, Kelly filed his motion for new trial, which the trial court denied on June 11, 1999. Kelly filed a notice of appeal on June 21, 1999. The case was docketed in this Court on January 26, 2000, and the appeal was submitted for decision on March 20, 2000.

sion alone is sufficient to corroborate the testimony of an accomplice. [Cits.]" *Fleming v. State*, 269 Ga. 245, 247 (2) (497 SE2d 211) (1998). Kelly admitted his involvement to the police, including his and Ms. Spann's plans, his role in dropping off Horne and Piazzi and meeting them afterwards, and his full expectation that the victim would be dead. Furthermore, Kelly himself took the stand and admitted his presence during the conversations of his co-indictees, but claimed that he was not actively involved and was surprised that the murder actually occurred. Clearly, the jury could properly infer from evidence of Kelly's conduct before and after the crimes were committed that he was a participant therein. See *Klinect v. State*, 269 Ga. 570, 572 (1) (501 SE2d 810) (1998). The State's evidence was more than sufficient for a rational trier of fact to find proof beyond a reasonable doubt of Kelly's guilt as a party to the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McKenzie v. State*, 271 Ga. 47, 48 (1) (518 SE2d 404) (1999); *Gambrel v. State*, 260 Ga. 197, 200 (1) (391 SE2d 406) (1990).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Garrett & Gilliard, Michael C. Garrett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wesley S. Wood, Assistant Attorney General*, for appellee.