## A03A0598. SHELTON v. THE STATE.
### (581 SE2d 378)

MIKELL, Judge.

Lawrence Shelton, Jr., was convicted of armed robbery and two counts of burglary. He appeals from the denial of his motion for new trial. Finding no error, we affirm.

1. Shelton first argues that the evidence is insufficient to support his convictions. On appeal, we view the evidence in the light most favorable to support the verdict, and Shelton no longer enjoys a presumption of innocence. Moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]

Viewed in its proper light, the evidence shows that on July 8, 2000, Robert Douglas Snowden, who was working for a pizza delivery company, was sent to 449 Westwood Drive in Fitzgerald, the home of Shelton and his parents, to make a delivery. Snowden was carrying two orders of cheese bread in a bag with a hot plate and approximately $20 in cash. Snowden testified that when he arrived at the residence and walked into the carport, two dark-skinned men wearing stocking masks approached him from the side of the house. One man stepped in front of Snowden, and the other stood behind him and held a gun to the back of his head. The assailants demanded his money and took the bag of bread. Then the armed man reached into Snowden's pocket, grabbed his money, and ordered him to leave. Snowden started driving down the road, and the armed man chased him. At that moment, a sheriff's deputy happened to drive by. However, by the time the deputy reached Shelton's home, the suspects had fled.

The next victim, Michael May, testified that on December 8, 2000, he left his trailer at 11:20 a.m. to pick up his retirement check. When he returned at 1:15 p.m., May discovered that his trailer had

---

[1] *Thomas v. State,* 256 Ga. App. 712 (569 SE2d 620) (2002); see *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

been ransacked and that three shotguns, three .22 rifles, and a handgun were missing from his gun cabinet. The third victim, Lisa McWhorter, testified that on December 17, 2000, she returned home from Christmas shopping and found that the front door of her trailer had been forced open. Inside, the home was in disarray, and McWhorter's jewelry, silver dollars, .38 special, and a rifle were missing.

Captain James W. Thompson of the Ben Hill County Sheriff's Department was called to investigate all three crime scenes. He was able to lift latent fingerprints from May's door and McWhorter's jewelry box, and a fingerprint examiner identified the fingerprints as belonging to Shelton. Thompson arrested Shelton in connection with the two burglaries. After waiving his *Miranda* rights, Shelton gave an oral statement. He confessed to committing the burglaries. As for the armed robbery, he admitted being at the scene but denied having a weapon. Thompson also testified that Shelton admitted that some of the stolen property was at his home and that the pizza bag had been thrown in a field behind his house. Thompson recovered McWhorter's .38 special and three of May's guns from Shelton's home, but he could not find the pizza bag. Thompson reinterviewed Shelton the next day, and Shelton again admitted participating in all three crimes.

On cross-examination, Shelton repeatedly admitted that he committed the burglaries. As for the armed robbery, he testified as follows: "I came from around the house and I — I pushed him against the wall and then I snatched the pizza. While I had him against the wall, I put my hand in his pocket and I grabbed the money he said we took and then I ran." Shelton claimed he did not have a gun. However, Snowden testified that he observed the weapon briefly, and he described it as a nine millimeter semiautomatic.

"Conflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[2] The evidence recounted above was more than sufficient for any rational trier of fact to find Shelton guilty of the offenses of burglary and armed robbery.[3]

2. Shelton next contends that the trial court erred in overruling two objections he made during Thompson's testimony concerning his investigation of the armed robbery. Thompson testified that when he arrived at the Shelton home, the back door was wide open. Thompson

---

[2] (Citation and punctuation omitted.) *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001).

[3] *Jackson v. Virginia*, supra.

and two other deputies went inside to look for the suspects. Thompson testified that a chair or a lamp had been turned over, and that it appeared to him as though someone ran through the house in a hurry, knocking the items over. Shelton objected on the ground that the testimony was speculative. "The trial court correctly overruled this objection, because the [deputy's] opinion testimony was based upon his own personal observations and training."[4]

Shelton next objected on hearsay grounds when the prosecutor asked Thompson whether anyone at the Shelton residence indicated that they had ordered a pizza. The trial court overruled the objection, and Thompson testified that no one approached him and told him that they had called for a pizza. "By definition, evidence is hearsay when a witness at trial offers evidence of what someone else said or wrote, outside of court, and the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made."[5] Thompson's testimony does not fit this definition, as he stated what he did not hear, rather than what had been told to him. Thus, the trial court did not abuse its discretion in refusing to exclude this testimony.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2003.

*David E. Morgan III*, for appellant.
*Denise D. Fachini, District Attorney*, for appellee.

---

[4] (Citation omitted.) *Felder v. State*, 270 Ga. 641, 645 (7) (514 SE2d 416) (1999).
[5] (Footnote omitted.) *Armstead v. State*, 255 Ga. App. 385, 389 (3) (565 SE2d 579) (2002).