A03A0547. IN THE INTEREST OF C. G., a child.
(584 SE2d 33)

MILLER, Judge.

C. G., a minor, was found delinquent for committing an act that would have supported a conviction for assaulting a police officer had he been tried as an adult. He appeals, contending that the evidence was insufficient to support the finding of delinquency. Since the finding of delinquency was based on inadmissible hearsay, we agree with C. G. and reverse.

Viewed in the light most favorable to the finding of delinquency, the evidence reveals that on March 4, 2002, a fight involving C. G. broke out among several residents of a youth detention center. An officer who tried to break up the fight was kicked in the right knee, causing injuries that resulted in the officer's hospitalization. At the time that the officer was kicked, he did not know who kicked him.

The director of the detention center (who was not present during the fight) investigated the incident, and in this investigation he viewed a video from a monitoring system that had purportedly recorded the March 4 melee. After he viewed the video several times, the director identified C. G. as the juvenile who kicked the officer. This video was not tendered nor admitted at C. G.'s delinquency hearing, as the director testified that the video could only be viewed on a special video player, and such equipment was available only at his office. C. G.'s attorney objected, stating in part that the officer should not have been allowed to testify as to the contents of the video, because he was not present at the time of the incident. The court denied C. G.'s objection.

The court found C. G. delinquent, and C. G. appeals.

1. C. G. contends that the evidence presented at the delinquency hearing was insufficient to sustain a finding of delinquency for committing an act that would have supported a conviction for assaulting an officer. We agree.

"In juvenile proceedings, the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt." (Citation and punctuation omitted.) *In the Interest of A. F.*, 236 Ga. App. 60 (1) (510 SE2d 910) (1999). An adjudication of delinquency cannot be based on hearsay, as hearsay is inadmissible, without probative value, and carries no weight whatsoever in establishing a fact. See id. at 60-61 (1).

The director here was not an eyewitness to the March 4 fight. He determined that C. G. was a suspect based on having viewed a purported video of the incident that was never admitted into evidence. Since the videotape was not made available to the court by being placed into evidence for the defendant to see and mount a defense,

there was no competent evidence of C. G. being the perpetrator. The officer involved in the incident had no idea who had kicked him. The alleged identification of C. G. was therefore based entirely on out-of-court hearsay and could not be properly considered. See *In re Copelan*, 250 Ga. App. 856, 866 (553 SE2d 278) (2001) (lay witness opinion testimony based on videotape not admitted into evidence is improper and cannot be considered). Since the adjudication of delinquency was based on inadmissible hearsay, it cannot stand.

2. In light of our holding in Division 1, C. G.'s remaining enumeration is moot.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 19, 2003.

*Talethia R. Weekley*, for appellant.
*Richard E. Currie, District Attorney, Jennifer L. Condon, Assistant District Attorney*, for appellee.