## A05A1472. DIAZ v. THE STATE.
(621 SE2d 543)

SMITH, Presiding Judge.

Eyden Jonathan Diaz was convicted of one count of the offense of trafficking in methamphetamine. Following the denial of his amended motion for new trial, Diaz appeals. In his sole enumeration of error, he contends that "[a]bsent the hearsay information from the unidentified informer-witness-decoy" involved in this case, "the evidence is insufficient to support the verdict and judgment."[1] Because we conclude that the evidence complained of did not constitute hearsay

---

[1] We note that the State has not filed an appellate brief in response to that of Diaz. Nor does it appear that the State responded below either to Diaz's motion for new trial or to his amended motion for new trial.

and that the jury was authorized by the circumstantial evidence presented by the State to convict Diaz of the crime charged, we affirm.

Construed in favor of the verdict, the testimony of George Chamberlain, who was employed with the Clayton County Drug Enforcement Task Force, showed that on February 26, 2003, he instructed an "informant to place a phone call and to have someone bring or deliver a pound of methamphetamine to the Fuel Mart gas station at Upper Riverdale Road and Tara Boulevard." He observed the informant make the phone call, and afterward, "based on the phone call and the interview of the CI . . . we went to the Fuel Mart to set up in an undercover capacity to wait for a white SUV to arrive at that location with the one pound of methamphetamine." Chamberlain, Agent Martin Hancock, and the informant rode together to the designated location and began surveillance.

Within "approximately one hour's time," a white SUV arrived. As the SUV pulled into the lot, the informant placed a telephone call. Chamberlain observed a passenger exit the SUV and walk "around to the back of the vehicle." The passenger was "on the phone." Chamberlain instructed the "contact team" involved in the surveillance that the SUV had arrived, described to the team the number of people in the vehicle, and provided a detailed description of the vehicle's location. Chamberlain then drove the informant and Hancock away from the scene, to a fire station located near Southern Regional Hospital. Chamberlain identified Diaz at trial as the passenger who exited the SUV.

Deputy Keith McLaughlin testified concerning the circumstances of the takedown. After observing the SUV park near the gasoline pumps, McLaughlin's surveillance vehicle pulled up behind the SUV. He observed a man outside the SUV, talking on a telephone, and he yelled out, " 'sheriff's department get on the ground' . . . about three times." McLaughlin identified Diaz in court as the man with the telephone. Diaz did not immediately comply with these instructions, although McLaughlin noted that Diaz was talking on the telephone at the time the instructions were issued, and "maybe that's why he didn't hear me the first time." Within a few moments, however, McLaughlin grabbed Diaz and took him to the ground, secured him with handcuffs, and patted him down for weapons.

Three other men were removed from the SUV. The vehicle was searched, and a one-pound block of a substance identified at trial as methamphetamine was discovered inside the vehicle's left rear quarter panel, where the car jack was usually stored. Evidence was presented at trial that the weight and packaging of the contraband were consistent with its distribution, rather than with personal use. A loaded gun also was discovered, concealed "behind the back seat of the SUV." McLaughlin testified that "[a] lot of times when you're

dealing with a large quantity of drugs, there's an expense that goes with it . . . and due to that, we find a lot of weapons with individuals when dealing with that amount of narcotics." The SUV was registered to Diaz's co-defendant, the driver of the vehicle. The two back seat passengers were questioned and later released. Diaz and the driver carried cell phones with them. The other passengers did not.

McLaughlin testified that after the passengers were "secured," they went to a "secondary location" having less traffic — again, the fire station located near Southern Regional Hospital. Although Diaz's cell phone was apparently taken from him by the police during the proceedings, it was later returned to him. McLaughlin testified that while the suspects were standing in front of him, he called Hancock, who was accompanying the informant, and asked Hancock to "instruct the informant to call the phone that he had been calling to set up this drug deal that we were out there for." Diaz's phone then rang. McLaughlin took it from Diaz's pocket, answered it, and spoke with Hancock on the other end.

Hancock testified that based on his conversation with McLaughlin, he "instructed the informant . . . to call the person that he set the dope deal up with for the methamphetamine and I observed the CI do that." Hancock "observed him put the phone up to his ear and I heard a voice answer the phone. I took the phone from the CI and informed Agent McLaughlin, who was on the other end of the phone that the phone that he had in his hand was the same phone that the informant used to set the dope deal up."

The events observed by the agents, particularly the last phone call made by the informant, did not constitute hearsay.

> By definition, evidence is hearsay when a witness at trial offers evidence of what someone else said or wrote, outside of court, and the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made.

(Citation, punctuation and footnote omitted.) *Shelton v. State*, 260 Ga. App. 855, 857 (2) (581 SE2d 378) (2003). The witnesses in this case testified about their own actions and observations. Their testimony, which did not ask the jury to assume the truth of or believe the statements made by out-of-court declarants, constituted circumstantial evidence of Diaz's guilt. The jury was charged on the definition of circumstantial evidence and was authorized to convict Diaz of trafficking in methamphetamine under the facts of this case.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED SEPTEMBER 22, 2005.

*James W. Bradley*, for appellant.
*Jewel C. Scott, District Attorney, Richard C. Brown, Assistant District Attorney*, for appellee.