A09A0149. TROUTMAN v. THE STATE.

(676 SE2d 836)

JOHNSON, Presiding Judge.

A jury found Roderick Troutman guilty of armed robbery. Troutman appeals, alleging (i) the evidence was insufficient to support the jury's verdict, (ii) the trial court erred in admitting evidence that he claims constitutes hearsay, and (iii) he received ineffective assistance of counsel. We find no error and affirm Troutman's conviction.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[1] Moreover, we do not weigh the evidence or determine witness credibility, but only determine "if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt."[2]

So viewed, the record shows that at approximately 8:30 p.m. on March 22, 2006, a driver with Decatur's Best Taxi Service was dispatched to pick up a fare at the Covington Walk Townhomes in DeKalb County. The taxi driver lived at those townhomes herself, and she recognized the two young men whom she picked up there as ones she had seen around the neighborhood. The men got in the back seat of the taxi, and after the taxi driver had driven a short distance, she felt one of the men grab her and put a gun to her neck. The taxi driver gave the men $65, and they began discussing whether she

---

[1] See *Thomas v. State*, 290 Ga. App. 10 (1) (658 SE2d 796) (2008).

[2] Id.

should drop them off at a cemetery or at an elementary school on a nearby dead-end street. Fearing that the men were going to harm her, the taxi driver crashed her car into another vehicle, and the men fled from her taxi in the general direction of a residence motel known as the Old English Inn.

Based on the description of the robbers provided by the taxi driver and the observations of a police officer stationed near the Old English Inn, officers detained Troutman and Anthony Marcel Aikens at the motel. The taxi driver was escorted from the accident scene to the motel, where she identified Troutman and Aikens as the men who robbed her.

1. Troutman claims that the evidence was insufficient to sustain his conviction because no evidence (i) "definitively placed" him in the taxi cab or (ii) showed that he was more than present in the taxi cab when the crime was committed. While Troutman disputes the ability of the taxi driver to identify him, it is the function of the jury to determine the credibility of witnesses and weigh any conflict in the evidence, and the testimony of a single witness is generally sufficient to establish a fact.[3] Moreover, "[e]very person concerned in the commission of a crime is a party thereto,"[4] and a jury may infer that a defendant was a party to the crime from evidence of his conduct before and after the crime was committed.[5] Here, the taxi driver identified Troutman and Aikens as the men whom she picked up together in her taxi; who, during the robbery, discussed which isolated location they should force her to drive them; who together fled the taxi; and who together were found minutes later at the Old English Inn. This testimony provided sufficient evidence for the jury to find Troutman guilty of armed robbery.[6]

2. Troutman also argues that the trial court erred in admitting testimony regarding a phone call placed from Aikens' cell phone to Decatur's Best Taxi Service on the evening of the robbery. "The admission of evidence is committed to the sound legal discretion of the presiding judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion."[7] As described below, we find no error.

At trial, one of the investigating officers testified that after confiscating Aikens' cell phone, he used the "recently called" function and discovered that the phone had been used to call Decatur's

[3] OCGA § 24-4-8; *Dixon v. State*, 285 Ga. App. 211, 212 (1) (645 SE2d 692) (2007).

[4] OCGA § 16-2-20 (a).

[5] *Kelly v. State*, 272 Ga. 800, 801 (537 SE2d 338) (2000).

[6] See *Kendricks v. State*, 231 Ga. 670, 670-671 (203 SE2d 859) (1974).

[7] (Citation and punctuation omitted.) *Jennings v. State*, 292 Ga. App. 149, 152 (2) (664 SE2d 248) (2008).

Best Taxi Service at 8:34 p.m. on the night of the robbery. When he was asked how he learned that the number on Aikens' phone was the number for the taxi service, he responded, "You can call it. They have the same number as of today." The officer also testified that he verified the number by going to the business office of the taxi service. Troutman speculates as to what was said when the officer called and visited the taxi service and claims the officer's testimony regarding the phone number was hearsay.

OCGA § 24-3-1 defines hearsay as evidence that "does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." Here, the officer's statement that the phone number was for the taxi service is not hearsay, but is a statement of undisputed fact.[8] The officer learned about the taxi service's phone number based on his own investigation, and Troutman had the opportunity to question him about the quality of that investigation.[9] Because the value of the officer's testimony rested on his own veracity and competence, the testimony was not hearsay, and the trial court did not abuse its discretion in admitting it.

3. Finally, Troutman claims that he received ineffective assistance of counsel. In order to establish ineffective assistance, Troutman "must demonstrate that his attorney's trial performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[10] Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address both prongs if the showing on one prong is insufficient.[11] In addition, "[a] trial court's ruling on a claim of ineffective assistance of counsel will be affirmed unless it is clearly erroneous."[12]

(a) Troutman first claims ineffective assistance in that his trial counsel abandoned her motion to sever his trial from that of Aikens. Troutman claims that he was harmed as a result of this withdrawal because the state would not have been able to introduce evidence of the phone call placed from Aikens' cell phone to the taxi service if Troutman and Aikens had been tried separately. We disagree.

It is well established that "[a]ny testimony against one conspira-

---

[8] *Jackson v. State*, 209 Ga. App. 53, 55 (4) (432 SE2d 649) (1993) (officer's statement that the defendant's name is "Lawrence" is not hearsay).

[9] See *Castellon v. State*, 240 Ga. App. 85, 86 (1) (522 SE2d 568) (1999).

[10] (Citation and punctuation omitted.) *Dukes v. State*, 285 Ga. App. 172, 174 (2) (645 SE2d 664) (2007).

[11] Id.

[12] Id.

tor which showed the furtherance of the conspiracy is relevant as to the other conspirators."[13] As a result, evidence of a phone call made from Aikens' phone would have been admissible against Troutman even if Troutman and Aikens had been tried separately. A defendant is only entitled to severance if he can "clearly show that joinder will result in prejudice and a denial of due process."[14] As a result, any continued attempt by Troutman's trial counsel to pursue a motion for severance would have been futile, and her failure to make such an attempt cannot constitute ineffective assistance.[15]

(b) Troutman also argues that his trial counsel was ineffective to the extent that she failed to object to the testimony regarding the phone call placed to Decatur's Best Taxi Service discussed above in Division 2, as well as additional testimony from one of the investigating officers that an employee of the taxi service told him that he remembered receiving a call at 8:34 p.m. on March 22, 2006, requesting a taxi at the Covington Walk Townhomes. As discussed in Division 2, the investigating officer's testimony that a call was placed from Aikens' cell phone to the taxi service was not hearsay; and, while Troutman argues that the testimony regarding the taxi service employee's memory of the phone call presented a *Crawford* violation,[16] any such violation "is harmless if the hearsay was cumulative of other evidence. . . ."[17]

Here, the victim testified that she was dispatched to the Covington Walk Townhomes at approximately 8:30 p.m., and Aikens' cell phone showed that a call was made to the taxi service at approximately 8:34 p.m. Additional testimony that a taxi service employee remembered a call at 8:34 p.m. requesting a taxi at the townhomes was merely cumulative, and the failure by Troutman's trial counsel to object to it did not constitute ineffective assistance.[18]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED MARCH 30, 2009.

*Sheueli C. Wang*, for appellant.
*Gwendolyn Keyes Fleming*, District Attorney, *Leonora Grant*,

---

[13] *Satterfield v. State*, 256 Ga. 593, 597 (3) (351 SE2d 625) (1987).

[14] (Citation omitted.) *Bolden v. State*, 278 Ga. 459, 461 (2) (604 SE2d 133) (2004).

[15] *Range v. State*, 289 Ga. App. 727, 731 (4) (658 SE2d 245) (2008) (the failure to pursue a meritless motion cannot constitute ineffective assistance of trial counsel).

[16] See *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004).

[17] *Humphrey v. State*, 281 Ga. 596, 599 (3) (642 SE2d 23) (2007).

[18] See, e.g., *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

*Assistant District Attorney*, for appellee.