### A11A0861. HAMMOCK v. THE STATE.
(715 SE2d 709)

McFADDEN, Judge.

Michael Hammock was convicted of theft by taking an automobile. He appeals, challenging the sufficiency of the evidence and the effectiveness of his trial counsel. We find the evidence sufficient to sustain the conviction. In so finding, we disapprove our earlier decision, *In the Interest of C. G.*, 261 Ga. App. 814, 815 (584 SE2d 33) (2003), to the extent that it deems testimony describing nonverbal conduct depicted on a surveillance videotape to be hearsay. We also find that trial counsel's performance was not deficient. We therefore affirm.

1. On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Darnell v. State*, 257 Ga. App. 555, 556 (1) (571 SE2d 547) (2002). We do not weigh the evidence or determine the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.

So viewed, the evidence shows that between 3:00 p.m. and 4:00 p.m. on April 22, 2008, Hammock cashed a check at a convenience store in Bartow County and then lingered there for several hours. Sometime after 7:00 p.m., Amy Ellison arrived at the store, put gas in her car and went inside to buy beer, leaving her keys in the car. Ellison, Hammock and store owner Jitendak Patel were the only people inside the store. Hammock cut in front of Ellison at the checkout counter, bought a candy bar and walked out the door. A minute or so later, Ellison went outside and discovered that her car was missing. Ellison and Patel called the police. Ellison, Patel and an officer watched a surveillance videotape, which showed a man walking out of the store, getting into the car and driving away from the scene. All three of them identified Hammock as the man shown on the videotape.

Hammock argues that the evidence was insufficient because the surveillance videotape, which had been taped over and was thus unavailable for viewing at trial, was hearsay and the testimony concerning it had no probative value. The argument is without merit because neither the videotape nor the witnesses' testimony about what they observed on the tape was hearsay.

"OCGA § 24-3-1 defines hearsay as evidence that 'does not derive its value solely from the credit of the witness but rests mainly

on the veracity and competency of other persons.' " *Lott v. State*, 303 Ga. App. 775, 785 (4) (694 SE2d 698) (2010). Hearsay "generally relates to an out-of-court statement made by someone other than the witness." (Citation omitted.) *Blunt v. State*, 275 Ga. App. 409, 411 (1) (c) (620 SE2d 572) (2005). Thus,

> [b]y definition, evidence is hearsay when a witness at trial offers evidence of what someone else said or wrote, outside of court, and the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made.

(Citation omitted.) *Diaz v. State*, 275 Ga. App. 557, 559 (621 SE2d 543) (2005).

Here, the witnesses did not offer any testimony about what someone else said or wrote outside of court. Rather, they testified about their personal observations of the conduct that appeared on the videotape. See *Davis v. Civil Svc. Comm. &c. of Philadelphia*, 820 A2d 874, 879, n. 3 (Pa. 2003) (store security videotape not hearsay because nonverbal conduct depicted not intended as an assertion); *McDougal v. McCammon*, 455 SE2d 788, 794 (II) (A) (W. Va. 1995) (surveillance videotape not a statement). Because this testimony did not ask the jury to assume the truth of out-of-court statements made by others, and instead "the value of [the] testimony rested on [the witnesses'] own veracity and competence, the testimony was not hearsay." *Lott*, supra (officer's testimony that she saw photograph of defendant on a cell phone not hearsay). See also *Troutman v. State*, 297 Ga. App. 196, 197-198 (2) (676 SE2d 836) (2009) (testimony that a certain telephone number was displayed on a cell phone as having been recently called not hearsay). Indeed, "the jury was free to disregard [the witnesses'] testimony that the individual depicted in the . . . surveillance video was [Hammock]." (Citations omitted.) *United States v. White*, 639 F3d 331 (7th Cir. 2011). To the extent that *In the Interest of C. G.*, 261 Ga. App. at 815, holds otherwise and finds that a surveillance videotape merely depicting nonverbal conduct constitutes a hearsay statement, it is hereby disapproved. See *Creel v. State*, 216 Ga. 233, 235 (2) (115 SE2d 552) (1960) (testimony describing contents of a photograph did not refer to any statements and thus not hearsay).

Accordingly, having reviewed all the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which a rational trier of fact could have found Hammock guilty beyond a reasonable doubt of theft by taking an automobile. See *Haugland v. State*, 253 Ga. App. 423, 424-425 (1) (560 SE2d 50) (2002).

2. Hammock contends that his trial counsel was ineffective in failing to raise a hearsay objection to the testimony concerning the surveillance videotape, failing to present photographs of the crime scene and failing to obtain a copy of a later videotape from the surveillance camera to show its poor quality. To prevail on a claim of ineffective assistance of counsel, Hammock

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007).

(a) With regard to counsel's failure to raise a hearsay objection to the testimony about the videotape, as explained above in Division 1, such an objection would have been unavailing because the surveillance footage and the testimony about what the witnesses personally observed on it was not hearsay. Failing to make a meritless objection to admissible evidence does not constitute deficient performance, and thus, "appellant's ineffective assistance of counsel claim cannot be sustained. [Cit.]" *Nash v. State*, 285 Ga. 753, 754 (2) (a) (683 SE2d 591) (2009).

(b) At the motion for new trial hearing, trial counsel testified that after visiting the store he decided not to introduce photographs of the store because they would have shown that there were numerous surveillance cameras at the scene. Such a decision not to introduce certain evidence is a strategic and tactical matter that cannot be judged by hindsight to support a claim of ineffective assistance of counsel. See *Mattox v. State*, 305 Ga. App. 600, 607 (3) (699 SE2d 887) (2010) (decisions on what evidence to introduce are matters of trial tactics that do not amount to ineffective assistance of counsel); *Hood v. State*, 292 Ga. App. 584, 585 (1) (666 SE2d 674) (2008).

(c) As for the claim that trial counsel should have presented a copy of the surveillance videotape to show that it was of poor quality making identification from it difficult, the record is devoid of any evidence showing that the tape was indeed of poor quality. Because such a tape was never obtained, Hammock can only speculate as to what it might have shown, and "[s]uch speculation is insufficient to authorize a finding that defense counsel ineffectively overlooked evidence which would have resulted in defendant's acquittal. [Cit.]" *Duitsman v. State*, 217 Ga. App. 435, 437 (1) (457 SE2d 702) (1995).

*Judgment affirmed. Ellington, C. J., Smith, P. J., Miller, P. J., Phipps, P. J., Andrews, Mikell, Adams, Doyle, Blackwell and Dillard, JJ., concur. Barnes, P. J., concurs in judgment only.*

DECIDED JULY 12, 2011 —
RECONSIDERATION DENIED AUGUST 3, 2011 — 

*Jimmonique R. S. Rodgers*, for appellant.
*T. Joseph Campbell, District Attorney, Stewart D. Bratcher, Assistant District Attorney*, for appellee.