715 S.E.2d 787 (2011)
311 Ga. App. 384
In the Interest of A.D., a child.
In the Interest of J.W., a child.
Nos. A11A1097, A11A1195.
Court of Appeals of Georgia.
August 11, 2011.
Meredith Gail Brasher, for appellant.
J. David Miller, Dist. Atty., Laura Anderson Wood, Justo Carracedo Cabral III, Asst. Dist. Atty., for appellee.
ADAMS, Judge.
Following a bench trial, A.D. and J.W. were adjudicated delinquent based on charges of battery and of violating the Georgia Street Gang Terrorism and Prevention Act, OCGA § 16-15-1 et seq. (the "Act"), arising out of a fight involving the two boys and a third person. Both appellants solely *788 challenge the sufficiency of the evidence of gang activity. The two cases have been consolidated for the purpose of appeal.
On appeal, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted; emphasis in original.) Jackson v. Virginia, 443 U.S. 307, 319(III)(B), 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See also In the Interest of J.L.H., 289 Ga.App. 30, 656 S.E.2d 160 (2007) (re: delinquency proceedings). And "[a]n adjudication of delinquency cannot be based on hearsay, as hearsay is inadmissible, without probative value, and carries no weight whatsoever in establishing a fact." (Citations and punctuation omitted.) In the Interest of C.G., 261 Ga.App. 814(1), 584 S.E.2d 33 (2003).
The State presented one witness, Detective Choice Barnes of the Valdosta Police Department, who is also a member of the "Gang Task Force." Barnes testified that on October 6, 2010, he investigated an incident that occurred on October 5. Thus, he was not a witness to the events. He spoke to the victim and a witness that day, but neither testified at trial, and therefore their statements are pure hearsay, which "`has no probative value even if it is admitted without objection.' [Cit.]" Jones v. State, 271 Ga. 516, 517(2), 520 S.E.2d 454 (1999). Even with regard to the victimallegedly a childthe child hearsay statute only allows such testimony for children less than 14 years of age, OCGA § 24-3-16, and no evidence was presented as to the victim's age.
Barnes did, however, see the victim and apparently observe his injuries, as well as speak to the appellants. With regard to the battery, A.D. told Barnes that he and J.W. were walking from school together on opposite sides of the street because they "were not supposed to be together." J.W. then approached the victim and "they got into it." A.D. reported that J.W. threw the first punch. A.D. said that he then tried to break up the fight and that he did not hit the victim; however, A.D. does not appeal his adjudication based on battery. J.W. denied getting into an incident with the victim, but he, too, does not appeal his adjudication based on battery.
In addition to battery, the two juveniles were charged with violating OCGA § 16-15-4(a), which makes it unlawful for persons associated with a "criminal street gang" to engage in "criminal gang activity" by committing certain enumerated predicate offenses:
It shall be unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of any offense enumerated in paragraph (1) of Code Section 16-15-3.
OCGA § 16-15-4(a). Neither appellant challenges his adjudication of the predicate offensebattery. See OCGA §§ 16-15-3(1)(A); 16-14-3(9)(A)(v); 16-5-23.1 (battery). Rather they contend the State failed to show both that their gangs fit the definition of "criminal street gang" and that a nexus existed between the battery and their gang affiliation. See OCGA § 16-15-3(2); Rodriguez v. State, 284 Ga. 803, 807(1), 671 S.E.2d 497 (2009).
At the hearing, Barnes easily established that both boys were members of related gangs. He testified that J.W. admitted that he was a member of a gang named "Nine Trey Blood," part of the "Blood Gang." Barnes observed that J.W. had tattoos, and J.W. said that he got them "while he was in boot camp," but boot camp was never explained. Barnes recognized one of the tattoos as indicating membership in the Blood Gang, and J.W. explained that the other tattoos meant that relatives or friends of his had died, although he did not explain the circumstances. Barnes testified that A.D. admitted being a member of a gang named "Piru," "another Blood group." He also was tattooed in "boot camp," and he had tattoos similar to J.W.'s. Based on these conversations with the appellants, along with the tattoos and other police work, Barnes testified that he had "documented" the appellants as being members of a local gang. He testified that although the appellants were in separate groups, they were both part of the Blood Gang and therefore could associate together. *789 He testified the victim reported that A.D. said the term "blatt" as he walked away after the fight, which, the officer testified was a Blood Gang term used as a greeting or warning, either that police or others are coming. Barnes admitted that he had no information suggesting that the victim was a gang member.
Barnes did not, however, describe the Blood Gang or testify about any of their activities. The Act defines a "criminal street gang" as a group of three or more persons that engages in "criminal gang activity":
"Criminal street gang" means any organization, association, or group of three or more persons associated in fact, whether formal or informal, which engages in criminal gang activity as defined in paragraph (1) of this Code section.... Such term shall not include three or more persons, associated in fact, whether formal or informal, who are not engaged in criminal gang activity.
OCGA § 16-15-3(2).[1] And "[c]riminal gang activity" is defined as "the commission, attempted commission, conspiracy to commit, or solicitation, coercion, or intimidation of another person to commit any of the [enumerated] offenses." OCGA § 16-15-3(1).
First, the battery committed in this case cannot serve as proof of the necessary gang activity. As explained by the Supreme Court:
[T]he commission of an enumerated offense by the defendant is not itself sufficient to prove the existence of a "criminal street gang." If it were sufficient, the nonsensical result would be that a member of any legitimate group could violate the Act merely by committing an enumerated offense.
Rodriguez, 284 Ga. at 808 (2), 671 S.E.2d 497. Second, there is simply no evidence in the record about the named gangs' activities, let alone their involvement in any criminal activities. Barnes never testified that any of the named gangs committed, attempted to commit, conspired to commit, or solicited, coerced, or intimidated another person to commit any of the offenses enumerated in OCGA § 16-15-3(1). Although Barnes testified about the gangs' tattoos, similar names, "boot camp," and the use of the term "blatt," this type of information merely established the existence of a gang, not its activities:
The existence of such organization, association, or group of individuals associated in fact may be established by evidence of a common name or common identifying signs, symbols, tattoos, graffiti, or attire or other distinguishing characteristics, including, but not limited to, common activities, customs, or behaviors.
OCGA § 16-15-3(2). The Act plainly states that an organization is not a "criminal street gang" unless its members are "engaged in criminal gang activity." Compare In the Interest of C. P., 296 Ga.App. 572, 575, 675 S.E.2d 287 (2009) (officer testified that he had arrested other Bloodz gang members for engaging in criminal gang activity).
Because the State failed to establish that a "criminal street gang" was involved in the battery, we need not address the appellants' second argument, that the State failed to establish a "nexus between the [battery] and an intent to further street gang activity." Rodriguez, 284 Ga. at 807, 671 S.E.2d 497. The judgments on the counts charging criminal street gang activity are reversed in both cases.
Judgments reversed.
BARNES, P.J., and BLACKWELL, J., concur.
NOTES
[1] OCGA § 16-15-3(2) was amended in 2010, effective July 1, 2010. Ga. L. 2010, p. 231, § 2. See also OCGA § 1-3-4(a)(1) (re: effective date). The amended statute is therefore applicable to this case.