### A11A1102. McCLAIN v. THE STATE.
(716 SE2d 829)

DILLARD, Judge.

Following trial, a jury convicted Damion McClain on two counts of armed robbery and one count of obstruction of a law-enforcement officer. McClain appeals his convictions and the denial of his motion for new trial, arguing that the trial court erred in allowing inadmissible hearsay testimony into evidence. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the evidence shows that at around noon on November 11, 2005, McClain put on a ski mask, walked into a discount retail store that was located across the street from the extended-stay motel where he was residing, pulled out a gun, and demanded that the store manager open the store's safe. When the manager was unable to open the safe quickly, McClain pointed his gun at a cashier and ordered her to open the cash register. After she complied with his demand, McClain emptied the cash register's money drawer into a bag and fled from the store post haste, back toward his motel. Once outside, McClain removed his ski mask. As he ran across the store's parking lot, McClain passed an ATM that was being used by the front-desk manager of the motel, who recognized McClain as a current resident.

A few minutes later, a member of the motel's housekeeping staff entered an elevator at the complex just as McClain was exiting it. The housekeeper—who likewise recognized McClain as a resident of the motel—noticed that McClain was sweating, that he was not wearing a shirt, and that he dropped a large amount of change on the elevator floor. As he rushed past her, McClain told the housekeeper that she could keep the dropped change but added, "You didn't see me." Subsequently, the housekeeper saw McClain run back down-

---

[1] *See, e.g., Goolsby v. State*, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009); *see also Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

stairs to the motel's parking lot and leave the complex in a newer model black Camaro.

Shortly thereafter, police officers—who had been made aware of the robbery and McClain's suspected involvement—saw McClain's car pull into the parking lot of a restaurant not far from his motel. Following a brief struggle, the police officers arrested McClain and, in the process, found a large amount of cash. And later, while in custody, McClain voluntarily provided a statement to police officers, in which he admitted to robbing the discount retail store.

McClain was thereafter indicted on two counts of armed robbery,[2] two counts of obstruction of a law-enforcement officer,[3] and one count of theft by receiving of a motor vehicle.[4] During McClain's trial, the State introduced his confession into evidence. Additionally, the store cashier and one of the store's customers testified regarding the details of the robbery, and the two motel employees testified regarding McClain's suspicious behavior immediately following the robbery. The store manager also provided her account of the robbery and testified that a few minutes after the masked McClain fled, she reviewed the store's video-surveillance system, which showed McClain approach the store and then don his mask before entering. McClain objected to this testimony on the ground that the actual surveillance system recording had not been produced and could not be viewed at trial because it had been recorded over before a copy could be made. The trial court overruled the objection, and the store manager then further testified that upon reviewing the surveillance system recording, she recognized the unmasked McClain as a previous customer of the store with whom she had conversed in the past.

At the conclusion of the trial, the court directed a verdict of acquittal as to the theft by receiving count and as to one of the obstruction counts, and the jury found McClain guilty on the two armed robbery counts and the remaining obstruction count. McClain subsequently filed a motion for new trial, which the trial court denied after conducting a hearing on the matter. This appeal follows.

McClain contends that the trial court erred in failing to exclude as hearsay the store manager's testimony regarding her review of the store's video-surveillance-system recording, which showed an unmasked McClain just before he entered the store but which had since been recorded over and was therefore unavailable for viewing at trial.

In considering McClain's argument, we begin by noting that

---

[2] *See* OCGA § 16-8-41 (a).

[3] *See* OCGA § 16-10-24 (a).

[4] *See* OCGA § 16-8-7 (a).

"[t]he admission of evidence is committed to the sound legal discretion of the presiding judge, whose determinations will not be disturbed on appeal unless they constitute an abuse of that discretion."[5] Moreover, hearsay evidence is defined as "that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons";[6] and hearsay "generally relates to an out-of-court statement made by someone other than the witness.'"[7] Therefore,

> [b]y definition, evidence is hearsay when a witness at trial offers evidence of what someone else said or wrote, outside of court, and the proponent's use of the evidence essentially asks the jury to assume that the out-of-court declarant was not lying or mistaken when the statement was made.[8]

With these guiding principles in mind, we will now address the substance of McClain's argument.

Specifically, McClain argues that the manager's testimony concerning the video-surveillance-system recording constituted inadmissible hearsay, relying on this Court's decision in *In the Interest of C. G.*[9] in support of same. However, recently in *Hammock v. State*,[10] this Court held that testimony nearly identical to that at issue in the case sub judice was not hearsay and in doing so explicitly disapproved of the holding in *In the Interest of C. G.* Accordingly, McClain's contention lacks merit.

Indeed, as was the case with the relevant witnesses' testimony in *Hammock*, the store manager in this case did not testify about what another person said or wrote outside of court.[11] Rather, she testified as to her personal observations of McClain's conduct that appeared on the video-surveillance-system recording.[12] And given that "this testimony did not ask the jury to assume the truth of out-of-court statements made by others, and instead the value of the testimony rested on [the store manager's] own veracity and competence, the testimony was not hearsay."[13] Thus, as was the case in *Hammock*,

---

[5] *Lott v. State*, 303 Ga. App. 775, 784 (4) (694 SE2d 698) (2010) (citation and punctuation omitted).

[6] OCGA § 24-3-1 (a).

[7] *Hammock v. State*, 311 Ga. App. 344, 345 (1) (715 SE2d 709) (2011) (citation and punctuation omitted).

[8] *Diaz v. State*, 275 Ga. App. 557, 559 (621 SE2d 543) (2005) (citation omitted).

[9] 261 Ga. App. 814 (584 SE2d 33) (2003).

[10] 311 Ga. App. at 344 (1).

[11] *See id.* at 344 (1).

[12] *See id.*

[13] *Id.* at 345 (1) (citation and punctuation omitted); *see also Lott*, 303 Ga. App. at 785 (4)

"the jury was free to disregard [the store manager's] testimony that the individual depicted in the surveillance video was [McClain]."[14] Accordingly, the trial court did not abuse its discretion in allowing the store manager to testify regarding her observation of the video-surveillance-system recording.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 21, 2011 — 

*Sheueli C. Wang,* for appellant.

*Robert D. James, Jr., District Attorney, Daniel J. Quinn, Assistant District Attorney,* for appellee.

---

(holding that officer's testimony that she saw photograph of defendant on a cell phone was not hearsay); *Troutman v. State,* 297 Ga. App. 196, 197-98 (2) (676 SE2d 836) (2009) (holding that testimony that a certain telephone number was displayed on a cell phone as having been recently called was not hearsay); *Diaz,* 275 Ga. App. at 559 (finding that testimony in which witnesses discussed their own actions and observations did not constitute hearsay).

[14] *Hammock,* 311 Ga. App. at 345 (1) (citation and punctuation omitted); *see also United States v. White,* 639 F3d 331, 336 (7th Cir. 2011) (Manion, J.) (same).